# Thornton's Administrator *et al. v.* Neal.

*Bill in Equity to enforce Vendor's Lien for Unpaid Purchase Money of Land.*

1. *Parties defendant to bill to enforce vendor's lien.* — The heirs of the deceased purchaser are not necessary parties defendant to a bill, filed by the vendor against the administrator of the purchaser, and a sub-purchaser from said administrator in his official capacity, to enforce a vendor's lien on lands, of which the sub-purchaser had notice.

2. *Demurrer, or motion to dismiss, for want of proper parties.* — A demurrer to a bill for the want of proper parties, or a motion to dismiss the bill for that cause, must state the names of the parties omitted.

3. *Rights of defendant in contempt.* — A defendant, against whom a decree *pro confesso* has been entered, is allowed by statute to appear and contest a decree on the merits of the bill, or to appear before the register on a reference (Rev. Code, § 3393); and he may also move to dismiss the bill for want of equity; but he cannot move to dismiss the bill for the want of proper parties.

4. *Reference to register; when unnecessary.* — In rendering a decree for the complainant, under a bill to enforce vendor's lien, where all the facts are admitted, and it is only necessary to compute the amount due on the purchaser's note after deducting admitted payments, the chancellor himself may make the necessary calculations without any reference to the register.

5. *Decree pro confesso against administrator.* — A decree *pro confesso* against an administrator is not an admission by him of the allegations of the bill (Rev. Code, § 3391); but, where he is merely a nominal party to the suit, and no relief is asked or granted against him, and decrees *pro confesso* are regularly entered against all the other defendants, he cannot complain that no proof was taken to establish the complainant's case.

APPEAL from Chancery Court of Bullock.
Heard before the Hon. B. B. McCRAW.

NORMAN & WILSON and J. N. ARRINGTON, for appellant.

WILLIAM H. BARNES, *contra.*

PETERS, C. J. — The bill in this case is filed by John Neal, as complainant, against McCormick Neal, Robert P. Hall, John R. Hall, Cyrus W. Strother, and Ellen Thornton, as the administratrix of the estate of M. W. Thornton, deceased, as defendants. The purpose of the suit is the enforcement of a vendor's lien on the lands particularly described in the bill, which had been purchased by said deceased in his lifetime. The complainant was allowed to amend his bill, by making the heirs of said M. W. Thornton parties; but it does not appear that this order to amend was acted on, or who these heirs were, or whether there were any such persons. The defendants were all served with subpœna, or brought in by publication. None of the defendants answered the bill, or made any defence on the merits; and decrees *pro confesso* were regularly taken against each of them. There was no memorandum of the testimony offered by the parties at the hearing, as required by

[Thornton's Administrator *v.* Neal.]

the 75th rule of chancery practice, and no testimony taken by
either party that appears in the record.    There was but one
" exhibit " to the bill.    This was the promissory note given by
Thornton in his life-time to secure the purchase money of the
lands mentioned in the bill.    Before the submission on the
hearing for final decree, but after the taking of the decrees *pro
confesso* as above shown, the " defendants " moved the court
below to dismiss the bill, for want of proper parties defendant;
but these omitted parties were not named in the motion.    The
record then recites that, " On motion of the complainant, this
cause is submitted on bill and exhibits thereto, and decrees *pro
confesso*, and is held for decree in vacation."    It also appears
in the chancellor's final decree, that the motion to dismiss was
overruled, and the cause was " submitted on pleading and proof
for final decree."    The final decree establishes the lien insisted
on in the bill, ascertains the amount of indebtedness due upon
the note exhibited with the bill, and orders a sale of the lands
described in the bill for the payment of this sum thus ascer-
tained, and costs and charges, in the usual form.    From this
decree the defendants appeal to this court; and here Mrs.
Thornton, as administratrix as above said, assigns as errors
that there was no sufficient proof to support the decree against
her as administratrix as aforesaid, and that the chancellor ren-
dered the final decree without a reference to the register, to
ascertain the sum due on said note for the purchase money.
The other defendants assign as error the refusal of their motion
to dismiss the bill, and also the failure to order a reference to
the register as above said.

The bill alleges that the lands in controversy were sold by
the administratrix of the estate of the purchaser, after his
death.    It is not, however, shown that she made this sale by
order of the Court of Probate, but only that she made the
same " as administratrix " of the estate of said M. W. Thorn-
ton, deceased, and that said Halls and Strother purchased said
lands at said sale by said administratrix, and that they had
knowledge and notice of the lien sought to be enforced by
complainant's bill.    If this be true, and all the defendants ex-
cept the administratrix admit it to be true, by refusing to
answer the complainant's bill, and submitting to decrees *pro
confesso* against them; then the interest of the heirs of the
intestate, whoever they might be, in the lands mentioned in the
bill as subject to complainant's lien, were cut off by such sale;
and they had no real interest in the matters in litigation, which
the administratrix was not fully competent to defend.    They
were, then, not necessary parties to the suit.

2. The motion does not show who the proper parties defend-
ant were, that had been omitted.    It does not anywhere ap-

pear that M. W. Thornton, deceased, had any heirs, and who they were. Such a motion should be as certain as a demurrer for a like purpose. It should indicate the names of the parties omitted. 19 Ala. 121 ; 17 Ala. 557.

3. Besides, these defendants were in contempt, and had no right to be heard. *Mussina* v. *Bartlett*, 8 Porter, 277. Such parties are allowed to " appear, and contest a decree on the merits of the bill, or may appear before the register on a reference ; " but this is by statute, and their privileges end here. Rev. Code, § 3393. The disabilities of a contempt are not relieved beyond this, and the right to dismiss for want of equity. There was, then, no error in the refusal to dismiss as shown in the record.

4. The error that there was no order for the taking of an account on reference to the register, is not well taken. The allegations of the whole bill are to be taken as admitted by all the defendants on the decree *pro confesso*, except the administratrix. Rev. Code, § 3391. The statements of the bill furnish all the facts necessary to ascertain the exact amount due the complainant, without resorting to a reference to the register and master. It required merely a calculation of interest, and a deduction of admitted payments on the note. When such is the case, the calculation of interest, and deduction of the credits, may be made by the chancellor himself, without any reference to the register. *Savage* v. *Berry*, 2 Scam. 545. We have no statute or rule of court known to me, which forbids this practice. It is certainly to be commended, when there is no contest about the sum due, and all the facts to ascertain it are admitted by the parties whom it is to affect. This assignment of error cannot be sustained. *Winter* v. *Rose*, 32 Ala. 447.

5. The lands named in the bill having been sold by Mrs. Thornton, as administrator of the estate of said decedent, to the Halls and Strother, they became their property. The Halls and Strother, at a proper sale, could purchase such title as Mrs. Thornton, in her character of administratrix, could sell, and she could sell such title as was vested in her intestate. Rev. Code, §§ 2060, 2080, 2221, 2222 ; 1 Brick. Digest, p. 940, § 361, 362. Then, in this suit, she has no interest in the lands subject to the complainant's lien, and is but a nominal party, unless relief was prayed against her specially ; which is not done. The foreclosure is all that the bill seeks to accomplish. This cannot affect her, as she has parted by the sale with all her interest in the lands. No judgment can be given against her for the debt. She is brought into court merely in aid of the foreclosure, and might have been omitted. The relief asked by complainant is, " that a lien may be declared in his favor upon said land, for the payment of the purchase money

thereof, and that said lien be foreclosed, and said lands sold for the payment of said note, and such other general relief as the circumstances of the case may demand." No judgment or decree is rendered against Mrs. Thornton as the administratrix of said decedent's estate; and no decree can be rendered against her as such administratrix or otherwise, on the evidence in this case. Rev. Code, § 3391; *Singleton* v. *Gayle*, 8 Port. 270. Mrs. Thornton, as an administratrix, is excepted out of the statute above cited. As against her, the evidence must be full and sufficient, outside of the admissions effected by the decree *pro confesso* against her. Then, as yet she has no reason to complain, and is not on her own account entitled to a reversal. See *Haley* v. *Bennett*, 5 Port. 452. But this is not the case with the Halls and Strother, whose lands are affected by the decree. They admit, by the effect of the decrees *pro confesso* against them, the complainant's lien, the indebtedness, and that they are the present owners of the lands sought to be subjected to the lien. In truth, they admit all that is stated in the bill; and the relief sought and decreed is against the lands owned by them, and which they purchased at Mrs. Thornton's sale incumbered with the lien. As against them, the decree is sustained by sufficient evidence, and the equity of the bill is not denied. The decree is just and equitable against them, and the lands which they own. In this view of the case, the judgment of the court below must be affirmed.

Accordingly, the judgment of the court below is affirmed, and the said appellants, said Robert G. Hall, and James R. Hall, and Cyrus W. Strother, will pay the costs of this appeal in this court and the court below.