# Boyle *v.* Williams.

*Bill in Equity for Foreclosure of Mortgage.*

| 72 | 351 |
| 99 | 243 |
| 72 | 351 |
| 121 | 485 |

1.   *Parties to bill for foreclosure.*—The personal representative of the deceased mortgagor is a necessary and indispensable party to a bill which seeks to foreclose a mortgage on lands, unless it is shown that the assets in his hands are discharged from all liability for the debt.

2.   *Non-joinder of parties; how taken advantage of.*—While the general rule is, that an objection for the want of parties must be taken by demurrer or plea, or be insisted on in the answer; yet the want of an indispensable party—one in whose absence a decree can not properly be rendered—is available on the hearing, or on error.

3.   *Reference to register before decree of sale.*—When the defendants to a bill for foreclosure are all adults, and do not suggest or claim, in the court below, that the mortgaged premises are susceptible of division, and that a sale of a part only will be sufficient to satisfy the mortgage debt, the court may decree a sale without a reference as to these matters; but, if some of the defendants are infants, or not *sui juris,* it is irregular and erroneous to render a decree of sale, without a prior reference to the register to ascertain and report whether the premises are susceptible of division, whether a sale of part only would not be sufficient, whether the interest of the infants requires a sale in parcels, and what parcel should be first sold.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed on September 7th, 1880, by Patsey Williams, against the widow and children of Daniel Boyle, deceased; and sought the foreclosure of a mortgage, which said Daniel Boyle had executed to the Central Building

[Boyle v. Williams.]

and Loan Association, a private corporation organized under the general laws, and doing business in the city of Montgomery. The complainant claimed to be the assignee of the mortgage and secured note, and alleged that the corporation was dissolved and its affairs settled and closed.    The mortgage, as shown by the copy made an exhibit to the bill, was without date, though the note secured by it was dated "February, 1871 ; " conveyed a lot in the city of Montgomery, as security for the payment of the note according to the provisions of the constitution and by-laws of the corporation ; and purported to be signed by said Daniel Boyle and his wife.    The bill alleged that said Daniel Boyle died intestate, leaving three children as his heirs, whose names were mentioned, and who were alleged to be under fourteen years of age, and residing with their mother ; and that letters of administration on his estate had been granted to his widow, Mrs. Mary Boyle, who was made defendant to the bill, but not in her representative character.    Summons was returned duly executed on all of the defendants.    A guardian *ad litem* seems to have been appointed for the infant defendants, and to have filed an answer for them ; but neither the order appointing him, nor his answer, is set out in the record ; nor does the record show that any answer was filed by the widow, or any decree *pro confesso* entered against her.    At the April term, 1881, as the minute-entry recites, the cause was "submitted for decree, on the bill and exhibits, answer of guardian *ad litem*, and testimony;" and the chancellor thereupon ordered a reference to the register, to state an account of the mortgage debt. The register made his report at the same term, and it was confirmed without objection ; and the cause being submitted for decree, the chancellor rendered a decree of sale.    The sale was made, and was reported to the court at its next term, the complainant in the bill becoming the purchaser.    At the same term, after the confirmation of the sale, a petition was filed by Mrs. Boyle, alleging that she had no notice of the suit, that process was never served on her, and that she had a complete defense against the mortgage ; denying its execution and validity on grounds particularly specified.    The petition was supported by affidavits, and there were counter affidavits as to the service of process.    The chancellor overruled and dismissed the petition, but without passing on its merits ; holding that the former decree was final and conclusive, and could only be revised on error or appeal.    The appeal is sued out by all the defendants, and errors are here assigned by them jointly.

GEO. F. MOORE, for appellants.

JAS. WEATHERLEY, *contra*.

[Boyle v. Williams.]

BRICKELL, C. J.—The bill discloses that there is a personal representative of the deceased mortgagor, his widow, who joined with him in executing the mortgage; and yet fails to make her a party in her representative capacity. It is the settled rule in this State, that to a bill to foreclose a mortgage on lands, the personal representative of the deceased mortgagor is an essential party, as representing the personal estate, unless it is shown that the assets in his hands to be administered are discharged from all liability for the mortgage debt.—*Dooley v. Villalonga*, 61 Ala. 129. While it is the general rule, that an objection for the want of parties must be taken by demurrer, or by plea, or be insisted on in the answer; yet the want of an indispensable party, in whose absence a decree can not be properly rendered, may be taken advantage of on the hearing, or on error.—*McMaken v. McMaken*, 18 Ala. 576; *Prout v. Hoge*, 57 Ala. 28.

The heirs of the deceased mortgagor are infants; and a decree for the sale of the entire mortgaged premises was rendered, without a reference to the register to ascertain and report, whether the premises were susceptible of division; whether a sale of a part would not satisfy the mortgage debt; whether the interest of the infants did not require a sale in parcels, and the parcel which should be first sold. A decree of sale of mortgaged lands which have descended to infants, or other persons not *sui juris*, is irregular without such a reference.—2 Brick. Dig. 260, § 169. If the parties are *sui juris*, and do not in the Court of Chancery suggest or claim the reference, on error they will be deemed to have waived it.—*Ticknor v. Leavens*, 2 Ala. 149. The rule is otherwise, as to parties laboring under disabilities.

We do not deem it necessary to consider any of the other assignments of error, as the matters to which they refer, so far as of importance, can be remedied in the future progress of the cause in the Court of Chancery.

For the errors pointed out, the decree must be reversed, and the cause remanded.