# McCurdy v. Middleton.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Conclusiveness of decree in chancery cases; additional testimony after reversal and remandment.*—A decree rendered by this court on appeal, in a suit to enforce a vendor's lien on land, holding that a balance of purchase-money was still unpaid, because, on the evidence set out in the record, a partial payment was improperly allowed, and therefore reversing and remanding the cause. does not preclude further inquiry on the question of payment, or the allowance of an order for taking additional testimony, provided the principles settled by the decree are not thereby varied; but, without an order to that effect, the register has no power to take additional testimony, nor to re-examine a witness.

2. *Exceptions to register's report; calculation by court, without reference.* The chancellor may set aside a register's report *ex mero motu*, in the absence of exceptions, or after overruling specific exceptions, and order a new reference under modified instructions; and if an exception is sustained, which involves only the determination of a single item of credit, certain in amount and date, he may make the necessary correction and calculation without another reference.

APPEAL from the Chancery Court of Lowndes.

HEARD before the Hon. JOHN A. FOSTER..

The bill in this case was filed on the 20th March, 1885, by W. D. McCurdy and T. L. Farris, as administrators of the

insolvent estate of Robert F. Simonton, against Mrs. Roxanna Simonton, who was the widdw and sole devisee of said Robert F., and against Mrs. Amanda W. Middleton (*nee* Simonton) and her husband; and sought to enforce against Mrs. Middleton a vendor's lien on a tract of land for a balance of purchase-money alleged to be due and unpaid. The material facts of the case are fully stated in the former report (82 Ala. 131–39), and the opinion of this court states the additional facts on which the present appeal is based.

G. Cook, for appellant.

W. R. Houghton, *contra.*

McCLELLAN, J.—When this case was in this court on a former appeal, it was held that the claims of Mrs. A. W. Middleton against the estate of her vendor, R. F. Simonton, for the amount received by him in excess of his share of the proceeds of crops in which they were jointly interested, and for $200 paid by her to Wiley as his contribution to the wages of the latter, who was employed in their joint planting venture, were, on the evidence then in the record, mere cross-demands, or independent sets-off, and, in no sense, payments on the land debt due from Mrs. Middleton to Simonton.—*McCurdy v. Middleton,* 82 Ala. 131.

The case being reversed and remanded, a decree was rendered in the court below on August 30, 1887, adjudging that said cross-claims were barred by the statute of non-claim, as debts against the insolvent estate of R. F. Simonton, complainant's intestate, and for that reason could not be set off against the purchase-money sought to be recovered by the bill. It was further decreed, that complainants were entitled to have the reversionary interest in the land described sold to pay the balance of purchase-money due therefor, and it was referred to the register to ascertain and report to the next term of the court the amount of purchase-money so due and unpaid. On the reference had under this decree, the defendants appeared, and were denied the right to introduce additional testimony tending to show that the item of $200, above referred to, was in fact *a payment* on the debt in suit, and not merely a set-off against the claim of complainants. This action was excepted to, and on the coming in of the report, while the exception was not in form allowed, the matter was again referred to the register, to ascertain the amount of purchase-money due; and all parties were allowed on this reference "to re-examine the witnesses who have heretofore been examined,

by deposition, or before the register." On this reference, Wiley was re-examined, and his testimony tended strongly to show that R. F. Simonton had agreed to apply the $200 in controversy to and in payment *pro tanto* of the land debt owed by Mrs. Middleton. The register, however, again declined to allow defendants a claim for that item. Upon the coming in of this report, the chancellor set it aside, allowed a credit for the $200 item, and entered up a final decree for the balance, with interest. From than decree this appeal is prosecuted by the complainants below.

We do not understand that either this court, or the chancellor in his decree of August 30, 1887, finally determined that, on the evidence then in the record, and which was before the chancellor on the first hearing of the cause, the items were sets-off, and, consequently, that the chancellor erred in crediting them as payments on the debt claimed by the bill. On the same state of evidence, when the cause again came on to be heard in the court below, the chancellor, following the opinion of this court, and assuming the items were mere cross demands, decreed that *as such* they could not be allowed in ascertaining the balance due, because they, not having been presented to Simonton's administrators, were barred by the statute of non-claim. The question is, whether this state of adjudication precludes all further inquiry into the question whether these items were in fact payments. It may be conceded that, on the first reference after reversal, the register had no authority to take additional testimony on the point, because the decree of reference did not authorize him to do so. But we do not question that it would be competent for the chancellor, upon the coming in of the report, to set it aside *ex mero motu*, order another reference, and remodel the directions to the register thereon, to any extent not inconsistent with the equities settled by the former decree.—*Lang v. Brown*, 21 Ala. 179. And it was therefore entirely competent for the chancellor to set aside the report, even in the absence of, or after overruling, specific objections to it, and to order another reference upon different directions as to the taking of the account, or for the purpose of affording an opportunity for the introduction of additional evidence, provided the "principles settled by the decree—what may be termed the equity of the bill—are not thereby varied."—*Cochran v. Miller*, 74 Ala. 50; *Nunn v. Nunn*, 66 Ala. 35; *Marshall v. Phillips*, 79 Ala. 145.

Nor can it be doubted that, upon sustaining an exception to the register's report, which involves only the determination that a single item of credit, certain in amount and date, not

[McCurdy v. Middleton.]

allowed, should have been allowed, and hence necessitates, to the correction of the amount as reported, only a simple calculation, it is proper for the chancellor to make the calculation, state the account, and render a decree accordingly, without again referring the matter to the register.—*Chambers v. Wright*, 52 Ala. 444.

These considerations eliminate from the record before us all questions except those which go to the propriety of allowing a credit for the item of $200 on the pleadings and evidence, as the case stood when the decree, ascertaining the balance due and ordering a sale of the land for its payment, was rendered.

And first, as to the pleadings: The answers of each of the defendants set up and rely upon full payment of each and all the purchase-money notes. Under each of these answers, and in response to their averments, it was clearly competent to make the proof of payment which was made as to the item of $200. The amendment allowed to the answer and cross-bill of S. C. Marks, since the former appeal, was manifestly made to meet the case, which, according to the opinion of this court, was then presented by the proof. But, in presenting this item in the light of a set-off, or independent demand, the averment is made in the alternative, and without in any sense abandoning the original allegation of payment. So that the answers of all the defendants, at the time of the last decree, contained allegations of payment under which it was competent to prove the payment of the $200 in the manner shown by the evidence of Wiley on the last reference; and to these allegations, thus proved, the decree appealed from is directly responsive. Of course, if this sum was a *payment* on the last purchase-money note, its application thereto extinguished it as an independent demand against Simonton, it could not therefore be presented against his estate, and the statute of non-claim has no application.

It only remains to be considered whether the action of the chancellor in allowing this item as a payment *pro tanto* is sustained by the evidence. We think it is. Wiley is the only witness on the point. He testifies that Simonton instructed Mrs. Middleton to pay him (Wiley) the $200, which Simonton owed him for that year, and agreed to credit her notes with that amount. His evidence is positive, and unequivocal, to this effect, and we can not see that it is in conflict with his first deposition on the subject. The most that can be affirmed as lending color to the suggestion of discrepancy between his first and his last statements on the subject is, that he stated, on his former examination in reference to a written statement containing many items, among them the $200, pur-

[Powell v. Higley.]

porting to be a list of payments on the purchase-money note in question, that he could not say whether the items embraced in the statement were the last payment on the note or not, but that he would not have receipted the statement as the last payment—as he appeared to have done—unless it had been true. He did not, on that examination, testify separately about the $200 item; and, we repeat, his testimony then is not inconsistent with that upon which the chancellor acted. Taking his last statement in connection with other facts in the case, all of which are consistent with it, and give it probability, we concur with the chancellor in crediting this item as a payment on the purchase-money note.

The decree is affirmed.

CLOPTON, J., not sitting.