# Seed *v.* Brown.

### *Bill to Restrain Mortgage Foreclosure.*

(Decided November 26, 1912.  60 South. 98.)

1. *Mortgages; Attorney's Fees; Right to Allowance.*—In a suit brought by the mortgagor to restrain a threatened foreclosure on the ground that the mortgage debt had been previously paid the mortgagee is not entitled to any allowance of an attorney's fee for services in collecting, where the mortgage provides only for an attorney's fee for foreclosing the mortgage, in providing for an application of the proceeds of the sale under the power in the mortgage.

2. *Same; Foreclosure; Cross Bill.*—Where the bill was to restrain mortgage foreclosure and an issue of the payment of the debt was correctly decided against the mortgagor, it was proper to decree the ascertainment of the amount due and direct a foreclosure, although there was no cross bill by the mortgagee seeking that relief.

3. *Same; Payment; Burden of Proof.*—On a bill by a mortgagor to restrain foreclosure on the ground of the payment of the mortgage debt the burden was on the mortgagor to establish the fact of payment.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Walter D. Seed against Joe D. Brown, to restrain the foreclosure of a mortgage on the ground that the mortgage debt had been fully paid. From a decree denying relief and directing a foreclosure for failure to pay within thirty days, complainant appeals. Corrected and affirmed.

BROWN & WARD and OLIVER, VERNER & RICE, for appellant. The court erred in decreeing an attorneys fee.

[Seed v. Brown.]

—*Bynum v. Frederick,* 81 Ala. 489; *Bedell v. Mortgage Co.,* 91 Ala. 223; *Pollard v. Mortgage Co.,* 103 Ala. 300. The court was in error in granting respondent affirmative relief in the absence of a cross bill asking for same. —*Bedell v. Mortgage Co., supra.* Counsel discuss the evidence and insist that the complainant has fully carried the burden of proof and that the decree was erroneous.

EDGAR L. CLARKSON, for appellee. The court could grant the relief to the respondent without cross bill where it correctly decreed that the mortgage debt had not been paid and could include in such decree a reasonable attorneys fee as provided for in the mortgage.— *Eslava v. Cramton,* 61 Ala. 507; *Mooney v. Walker,* 69 Ala. 75. Counsel discuss the evidence and insist that the complainant has not carried the burden assumed and that hence the chancellor was correct in decreeing that the mortgage had not been paid.

McCLELLAN, J.—The purpose of this bill, exhibited by a mortgagor (appellant) against a mortgagee (appellee), was to restrain the threatened foreclosure of the mortgage; the theory being that the mortgage debt had been previously paid. The chancellor concluded against the complainant on the issue of payment, fixed $100 as an attorney's fee "for services in collecting" the mortgage, ordered a reference to the register to state the account between the parties, and directed foreclosure of the mortgage unless the balance due thereon, as ascertained by the register, and the costs and interest, were fully paid in 30 days after confirmation of the register's report.

Following provision for sale under the power therein given the mortgagee, it was provided in the mortgage

that the proceeds of *said sale* should be first applied to the expenses of the sale of the property "and attorney's fee for foreclosing this mortgage." This language could only have contemplated services by an attorney or attorneys in a foreclosure under the power of sale provided for in the instrument.—*Bynum v. Frederick*, 81 Ala. 489, 8 South. 198; *Lehman, Durr & Co. v. Comer*, 89 Ala. 579, 8 South. 241. The stipulated condition to the allowance of the attorney's fee was not afforded by the foreclosure of the mortgage under the power of sale. It is not possible to expand or change the effect of terms of the instrument with respect to this matter by reference to the fact that the mortgagor, by a resort to equity in this cause, prevented or interfered with foreclosure under the power. Such a contingency may be provided against by the incorporation in such contracts of less restrictive stipulations for attorney's fees. In any event the court here erred in allowing the attorney's fee specified in the decree.

If the issue of payment was correctly resolved against the complainant, there was no error in ascertaining the mortgage debt and interest, and in directing foreclosure of the mortgage, notwithstanding there was no cross-bill by the mortgagee seeking that relief.—*Mooney v. Walter*, 69 Ala. 75; *Alston v. Morris*, 13 Ala. 506, 508, 509, 20 South. 950.

The remaining and dominant question in the cause arises out of the complainant's contention that he had paid the mortgage debt. The resolution of this issue of fact depends, wholly, upon whether complainant paid respondent $800, about May, 1906. If so, the mortgage debt was satisfied when preparation for foreclosure under the power was threatened. The entire evidence has been carefully considered, and so in the light of the exhaustive arguments at the bar and in the several

[Walker v. Frierson.]

briefs of the solicitors. The burden of proof to estab-lish the payment of $800 is, of course, upon the com-plainant. No good purpose can be subserved by, nor is there any necessity for, comment upon the very conflict-ing evidence submitted on the issue. The conclusion prevails here, as it did with the chancellor, that the complainant has not discharged the burden of proof so assumed by him.

The decree will be here corrected, so as to eliminate the erroneous exaction for attorneys' fees; and, as cor-rected, it is affirmed.

Corrected and affirmed.

DOWDELL, C. J., and ANDERSON, SAYRE, and DEGRAF-FENRIED, JJ., concur. MAYFIELD and SOMERVILLE, JJ., not sitting.