(79 South. 300)

## LAMPKIN v. IRWIN et al. (8 Div. 90.)

(Supreme Court of Alabama. June 6, 1918. Rehearing Denied June 29, 1918.)

1. MORTGAGES ⟨Key⟩377 — ATTORNEY'S FEES — SERVICES IN DEFENDING ACTION.

In ascertaining amount of attorney's fees due as part of mortgage indebtedness, the services of mortgagee's attorney in defending a suit to restrain foreclosure upon ground that amount due had been rendered will not be considered, where mortgage did not provide for attorney's fees for defending such suit.

2. MORTGAGES ⟨Key⟩377 — ATTORNEY'S FEES — REASONABLE FEE.

Where mortgagee had handed mortgage and note to his attorney, who had written mortgagor notice and prepared and posted notice of foreclosure, $40 was reasonable attorney's fee, where a portion of the mortgagee's demand was unjust.

3. COSTS ⟨Key⟩32(3)—PARTIAL SUCCESS BY COMPLAINANT—DIVIDING COSTS.

In a suit to restrain mortgage foreclosure, where complainant, having contested amount claimed due upon interest and also collection of attorney's fees, was successful as to former claim, but unsuccessful as to latter, the costs of the suit should be equally divided.

4. COSTS ⟨Key⟩234—APPEAL—MODIFICATION OF JUDGMENT.

Where appellant, against whom more costs had been taxed, succeeds, on appeal, in having costs equally divided and in having amount of attorney's fees fixed as part of mortgage indebtedness by court in amount of $100 reduced to $40, the costs, on appeal, should be taxed against appellee.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by Tennie S. Lampkin, administratrix, against S. W. Irwin and others. Judgment for defendants, and plaintiff appeals. Modified and affirmed.

E. W. Godbey, of Decatur, for appellant. Wert & Lynne, of Decatur, for appellees.

GARDNER, J. The bill in this cause was filed by the appellant for the exercise of the equity of redemption. Upon the former ap-

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 458.

peal (Lampkin v. Stout, 74 South. 239 [1]), it was held that, as to a portion of the indebtedness insisted upon by the mortgagee, the mortgagor was unjustly charged; but the conclusion was also reached that the mortgagor was due a reasonable attorney's fee prior to the filing of the bill in this cause, and that the mortgagee had been guilty of no conduct militating against a recovery of such a fee. A full understanding of the issues presented will be obtained by reference to the case as formerly reported. After a reversal here, the cause was again submitted for final decree in the court below upon the same testimony. In the decree rendered, the trial court, in estimating the amount due upon the mortgage indebtedness included the sum of $100 as a reasonable attorney's fee, and, as a further condition to the exercise of redemption, taxed the complainant with all the costs in the cause. For a review of the decree upon these two questions the complainant prosecutes this appeal.

At the time of the filing of the bill, the mortgage and note had been delivered by the mortgagee to his attorneys for collection, and they had written the appellant in regard to the same, and prepared and posted notices of foreclosure; the further proceedings as to foreclosure being interrupted by this suit. Only one attorney was examined upon the question of a reasonable fee, and it was his opinion that, if the demand was justly due, as contended for by the mortgagee, a reasonable fee under the circumstances would be $75 or $100, but, if the demand was unjust, that a fee of $40 or $50 would be reasonable. The attorney for the mortgagee, testifying in the cause, stated that the amount ascertained to be due and demanded of the complainant ($901.59) included a fee of $81.77. It was thus seen that the attorney only claimed this latter amount as a fee.

[1] The language of the mortgage, and the note for which it was given as security, did not provide for any attorney's fee in defending this suit. Such being the case, such services will not be taken into consideration. Seed v. Brown, 180 Ala. 8, 60 South. 98.

[2] A portion of the demand was unjust, as determined on the last appeal, and the only witness testifying as to a reasonable fee stated, as his opinion, that under such circumstances a reasonable fee would be $40 or $50. We are of the opinion the learned trial judge erroneously fixed the fee at $100 in this cause, and that for the services rendered at the time of the filing of this bill the sum of $40 is reasonable under all the circumstances of this case. We are further of the opinion that the complainant was erroneously taxed with all the costs in the cause.

[3] The complainant was contesting the amount claimed due upon the interest, as well also any collection of attorney's fee. She was successful as to the interest claimed, but unsuccessful as to the attorney's fee. We are of the opinion that, under these circumstances, the costs in the court below should be equally divided; complainant being taxed with one-half thereof, and respondent Stout with the remainder. The decree in all other respects is correct, and will be here modified so as to reduce the amount due by fixing a fee of $40 instead of $100, and by taxing the costs one-half against the respective parties, as above indicated, and, as thus modified, the decree will be affirmed.

[4] In order to obtain relief against the allowance of the fee and the taxation of the costs as above indicated, the complainant prosecuted this appeal, and has been successful in the prosecution thereof. It therefore results that, in our opinion, the appellee should be taxed with the costs of this appeal; and it will be so ordered.

Modified and affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.