(123 So. 18)

**THOMAS, Superintendent of Banks, et al. v. BARNES et al.    (4 Div. 352.)**

Supreme Court of Alabama.    May 9, 1929.

Rehearing Denied June 27, 1929.

Steiner, Crum & Weil, of Montgomery, and C. O. Stokes and Sollie & Sollie, all of Ozark, for appellant.

O. S. Lewis, of Dothan, for appellees.

FOSTER, J. ▇ · An executor of the deceased mortgagor may maintain a bill to enforce the equity of redemption of real estate when it would have been available to the mortgagor if alive. Griffith v. Rudisill, 141 Ala. 200, 37 So. 83, cited in Foster v. Foster (Ala. Sup.) 121 So. 80.[1] In such proceeding the heirs with the legal title are not necessary parties, as it does not necessarily lead to a sale. But a bill for the foreclosure of such a mortgage must bring before the court the legal title, as it directly leads to a sale of the land. Therefore, if the mortgagor is dead, his heirs or legatees must be parties, for in them is vested the legal title, and in some instances his personal representatives must also be before the court. Carwile v. Crump, 165 Ala. 206, 51 So. 744. If the mortgagor has executed a subsequent mortgage, or conveyed the property to another, such subsequent claimants of the title are necessary parties. Bolling v. Pace, 99 Ala. 607, 12 So. 796; Hambrick v. Russell, 86 Ala. 199, 5 So. 298; Langley v. Andrews, 132 Ala. 147, 31 So. 469; Sims, Chan. Pract. § 148. Section 5711 of the Code provides for a revival of real actions in favor of heirs and personal representatives, according to their respective rights.

▇ The authorities above cited, and others noted below, point out that in such foreclosure actions the heirs being indispensable parties where land is included, their omission is available on error, without previous objection. Powe v. McLeod, 76 Ala. 418, 420; Boyle v. Williams, 72 Ala. 351; Lawson v. Ala. Warehouse Co., 73 Ala. 289.

▇ This is not a bill for foreclosure, nor was there a cross-bill praying for such relief. But it is well known that on a bill for redemption, when complainant offers to do equity, the court may decree a foreclosure without a cross-bill by the mortgagee. Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913; Seed v. Brown, 180 Ala. 8, 60 So. 98; Alston v. Morris, 113 Ala. 506, 20 So. 950.

▇ We think that in decreeing a foreclosure without the heirs or legatees of the deceased mortgagor before the court, there was error. The decree should only have fixed the amount of the mortgage debt, as it did, and authorized a redemption by the executors of decedent; but in so far as it directed a foreclosure it was contrary to the rules we have noted, in the absence of the heirs of the mortgagor.

▇ Section 6149 of the Code authorizes this court on appeal, upon finding error in the record, to render such judgment or decree as the court below should have rendered when the record enables it to do so. Lampkin v. Irwin, 202 Ala. 14, 79 So. 300; Seed v. Brown, supra. While the decree of foreclosure was improper, the condition of the record, we think, authorizes the court to modify it so that it shall be a decree of redemption, and not of foreclosure.

▇ Appellant also called to the attention of this court the condition of the record, as respects the failure to show that the cause was at issue when finally submitted and decree entered, though at issue when the testimony was taken. This condition as a rule leads to a reversal, as the cause should be at issue when final decree is rendered. Smith v. Smith, 212 Ala. 132, 101 So. 903; Sloss-Sheffield Steel & Iron Co. v. Yancey, 201 Ala. 200, 77 So. 726; Durr v. Hanover Nat. Bank, 148 Ala. 363, 42 So. 599.

▇ We think that, if the parties try the case on pleadings which present their respective theories well understood by all of them, the court should accept the view that the pleadings properly present these theories. Federal Auto. Ins. Ass'n v. Meyers (Ala. Sup.) 119 So. 230;[2] Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; German-American Nat. Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; Loy v. Reid, 11 Ala. App. 231, 65 So. 855.

▇ After all these years of litigation, during four of which the case was under submission, no attention was given to the amendments referred to; no copies had been served on opposing counsel, so far as the record shows; no new issues or rights were presented by them; and no one was prejudiced by the hearing on the state of the record. We think therefore that we should decline to reverse the decree on that account.

▇ The court was without error in denying appellants' claim for an attorney's fee. It does not appear that such fee had been incurred prior to the filing of this bill for redemption. Only such fees as were incurred prior to the filing of the bill, if any, could be recovered, as there is no provision in the mortgages for attorney's fees for defending a suit of this nature. Lampkin v. Irwin, supra; Lampkin v. Stout, 199 Ala. 101, 74 So. 239; Seed v. Brown, supra; Ward v. Bank of Abbeville, 130 Ala. 597, 30 So. 341.

In Hazlewood v. Walker, 211 Ala. 634, 101 So. 450, the mortgage expressly provided for an attorney's fee for foreclosing the mortgage in equity.

Without reviewing the evidence in respect to usury, we think it amply supports the conclusion of the circuit court that the debt was so affected.

▇ Section 7225, Code, does not take from the equity courts the power to apportion costs. Section 6655; Baker v. Orr, 169 Ala. 665, 53 So. 1006; Ward v. Bank of Abbeville, supra.

---

[1] Ante, p. 70.

[2] 218 Ala. 520.

The complainant and cross-complainants were only partially successful in their contentions. The debt was reduced, but they failed in some of their major controversies. As the debt claimed by the bank was materially reduced, we think, notwithstanding the usury in the debt, the costs of the circuit court (Lampkin v. Irwin, supra), and the costs of this appeal, both in this court and the circuit court, should be equally divided between Ariton Banking Company, the executors of James C. Barnes, and E. R. Phillips, as surviving partner of Barnes & Phillips, and it is so directed.

A discretion is reposed in the equity courts to determine whether they will refer the statement of an account to the register for hearing and report. People's Sav. Bank v. Union Bank & Trust Co., 204 Ala. 406, 85 So. 694; Richardson v. Horton, 139 Ala. 350, 35 So. 1006; McCurdy v. Middleton, 90 Ala. 99, 7 So. 655; Chambers v. Wright, 52 Ala. 444; Thornton v. Neal, 49 Ala. 590; Levert v. Redwood, 9 Port. 79.

The circuit court will not therefore here be put in error for ascertaining the mortgage debt without a reference. In this case, it would appear that such action was quite appropriate, as all the evidence was taken by deposition, and the issues were ready for final hearing when the submission was entered. This court is not directed in brief to any specific error of the circuit court in fixing the amount of the debt, not herein treated. The other assignments are virtually admitted by counsel for appellants not to constitute reversible error.

We therefore direct that the decree of the circuit court be modified so as to eliminate from it those provisions directing a sale of the property embraced in the mortgages, if the mortgage debt be not paid as therein directed; and so that the costs of the circuit court be taxed in the manner above mentioned.

As so modified, the decree of the circuit court is affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

