171 So. 717

**CLARK v. SANDERS.**

4 Div. 906.

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 21, 1937.

M. A. Owen, of Elba, for appellant.

Farmer, Merrill & Farmer, of Dothan, for appellee.

### ANDERSON, Chief Justice.

The appellant's counsel argues propositions not presented by the pleading, as the execution of the mortgages was not only not questioned in the original bill of complaint, but was not denied in the answer to the appellee's cross-bill. The execution of same was in fact admitted. Apart from this, however, and not unmindful of the statute which forbids an inference in favor of the conclusion of the trial court when the evidence is by deposition, we are of the opinion and so hold that the mortgages were executed by Clark and his wife and separately acknowledged as required by law.

We are also of the opinion that the appellant failed to show that the Elba Bank's mortgage was without consideration, but recognized its validity and that it had been transferred to Sanders, as the mortgage to Sanders recited that he held the Elba Bank mortgage as assignee and which "was additional security." It is also quite clear that the receipt and release given Clark by the Elba Bank in 1931 did not refer to the mortgage which had been assigned to Sanders and which the appellant well knew was not then held by the bank.

That there was a partial satisfaction on the margin of the record as attested by the probate clerk, there can be no doubt, although the said satisfaction was obliterated by the flood, but the great weight of the evidence shows that the satisfaction related only to the Bell land and not to the house and lot and was made to enable the procurement of a loan from the Federal Land Bank on the Bell land.

We think that the record shows a proper note of the testimony both for the appellant and the appellee.

It is suggested in brief of counsel for appellant that the caption or the organization of the court does not conform to Chancery Rule 67 (Code 1923, vol. 4, p. 928). This rule was promulgated long before the consolidation of the chancery and circuit courts and prior to our statute keeping the circuit court in session almost the entire year. We think the record sufficiently shows the organization of the court. Moreover, if it did not, the omission would only be fatal to the appellant's appeal.

While there is argument as to error upon the ruling of the trial court upon the evidence, we have only considered the legal evidence and which fully justifies the conclusion and decree of the trial court. Section 6565 of the Code; Mason v. Calhoun, 213 Ala. 491, 105 So. 643; Copeland v. Warren, 214 Ala. 150, 107 So. 94.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.