176 So. 192

### GOEHLER v. BURNS.

### 8 Div. 793.

Supreme Court of Alabama.

June 24, 1937.

Rehearing Denied Oct. 14, 1937.

Carmichael & Carmichael and A. H. Carmichael, Jr., all of Tuscumbia, for appellant.

Kirk & Rather, of Tuscumbia, for appellee.

KNIGHT, Justice.

Bill of interpleader filed by the Southern Railway Company against Thomas C. Burns and others to determine the proper persons to whom the complainant should pay the amount of a certain judgment recovered by the respondent Irene Allison Sherrill, as executrix of the last will and testament of Wiley Earnest Sherrill, deceased, in the circuit court of Colbert county, Ala., against the said complainant.

The complainant, in order to avoid possible double liability, and desiring that the court should judicially determine the rights of the claimants, filed this bill calling upon each of said parties to propound his or her claim to the fund, or to any part of it that they might claim.

The amount of the judgment, interest, and taxed cost was $10,958.36, and this amount the complainant paid to the register of the court.

Thereafter, the court made and entered a decree in the cause authorizing the payment of said judgment to the register,

and the complainant, having paid said money into court, was duly discharged from further liability under said judgment.

Each of the respondents was required to propound his or her claim within thirty days from the service of a copy of the decree requiring the parties to interplead in said cause.

As the case progressed, the issues were narrowed, and the only question left to be determined was to whom, and in what proportion, should the attorney's fee which had accrued to the attorneys of the plaintiff in the judgment be paid.

It was not controverted that W. A. Denson and the respondent Thomas C. Burns were the plaintiff's attorneys, and had earned the agreed fee of 50 per cent. of the judgment, less $2,000 of said judgment, as to which no fee was to be charged.

Mrs. Sherrill, the plaintiff in the law case, had a written contract with her said attorneys, by which it was provided: "For said services and undertaking the said Mrs. Irene Allison Sherrill as such Executrix, agrees to pay said Thomas C. Burns, and W. A. Denson an amount equal to one-half over and above two thousand dollars of the recovery that may be had in the case, either by settlement or compromise out of court: or in court or by a verdict of a jury or by the court without the intervention of a jury."

The written contract nowhere undertook to state the proportion of the fee that should be paid to each of said attorneys.

It appears that Ed. S. Moore, Inc., caused a writ of garnishment to be issued and served upon the Southern Railway Company, the defendant in the judgment, seeking to recover for an admitted indebtedness due and owing by said W. A. Denson to said Ed. S. Moore, Inc.

It also appears that before the garnishment writ was issued, or served, Mr. Denson by an instrument in writing, reciting valuable consideration paid, had transferred and assigned to Miss Alma Goehler, the appellant here, "all of whatever right, title or interest I may have in the judgment heretofore rendered in the cause of Irene Allison Sherrill, who sues as the Executrix of the Estate of Wiley Earnest Sherrill, deceased, vs. Southern Railway Company, cause number 7801 in the circuit court of the Eleventh Judicial Circuit of the State of Alabama, at Tuscumbia. * * *"

Ed. S. Moore, Inc., contested this transfer and assignment, but on final submission the court sustained the bona fides and validity of the transfer and assignment, and decreed that said Alma Goehler, the appellant, was entitled to a decree for the part of the fee that would otherwise be payable to said W. A. Denson.

No appeal was taken from this decree by said Ed. S. Moore, Inc., and it is now final and conclusive, so we can dismiss from further consideration this phase of the original case.

It was and is the contention of the appellant that the said Thomas C. Burns was only entitled to 25. per cent. of the agreed fee; that this was the understanding and agreement between said Denson and Burns. Burns denies this, and insists that he was in the case before Denson was employed, and that the agreement and understanding between himself and Denson was that they should share equally in whatever fee was earned and received in the case. The determination and settlement of this question is all that is involved in this litigation on this appeal.

The trial court held that Messrs. Denson and Burns, under the evidence, were to share equally in the fee, and he decreed accordingly, directing the share that Mr. Denson was entitled to under the contract be paid to Miss Goehler, as Mr. Denson's transferee.

From this decree Miss Goehler prosecutes the present appeal.

It is to be noted that the testimony was not given orally before the court, and, therefore, no presumption is to be here indulged as to the correctness of the finding of facts upon which the court rendered its decree. Blair v. Jones, 201 Ala. 293, 78 So: 69; Andrews v. Grey, 199 Ala. 152, 74 So. 62.

It is first insisted that the court erred in not excluding from "its consideration, on motion of claimant," certain questions to, and answers by, certain of the witnesses of the appellee, Burns.

There is no merit in these assignments of error.

Section 6565 of the Code makes it the duty of the court in the consideration of equity cases to "consider only such testimony as is relevant, material and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial or incompetent, whether objection shall have been made thereto or not," and this same statutory duty rests upon this court in reviewing appeals in equity cases. Joiner et ux. v. State, 232 Ala. 522, 168 So. 885; Hamilton v. Warrior, 215 Ala. 670, 112 So. 136; Clark v. Sanders, 233 Ala. 378, 171 So. 717; Mason v. Calhoun, 213 Ala. 491, 105 So. 643; Copeland v. Warren, 214 Ala. 150, 107 So. 94.

The question here presented is one purely of fact, and a proper decision of the same has required a careful reading and consideration of all the evidence offered by both parties.

A detailed discussion of the evidence would serve no useful purpose. Suffice it to say that, after a most careful consideration of the evidence, we are at the conclusion that the trial court reached a proper decision in the case, and his decree must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.