196 So. 895
**GUARANTY TRUST CO. OF NEW YORK v. GAY.**

5 Div. 309.

Supreme Court of Alabama.

May 9, 1940.

Rehearing Denied June 27, 1940.

Daniel R. Boyd, of Roanoke, for appellant.

36

D. T. Ware and E. B. Parker, both of Roanoke, for appellee.

BOULDIN, Justice.

In August, 1937, the Guaranty Trust Company of New York proceeded to foreclose under power of sale in a mortgage on real estate executed to said mortgagee by W. C. Gay on February 28, 1933, due November 1, 1933, for the principal sum of $2,650.

Thereupon the mortgagor filed a bill in equity to enjoin the sale, to cancel the mortgage for fraud in its procurement and for want of consideration. The bill also sought an accounting and general relief. The mortgagee, by answer denied the averments of he bill on which its equity was based, and set up its version of the transaction. Upon final submission on pleadings and proofs complainant was granted relief as prayed, cancelling the mortgage. The mortgagee appeals.

The evidence was not taken ore tenus before the trial Judge, and we review the case without presumption in favor of his finding as per our statute, Code 1923, § 9502.

The record is voluminous. It has been very carefully considered with the aid of briefs on both sides.

We are at the conclusion the trial court erred, and that complainant was entitled to no relief.

A detailed discussion of the various phases of the evidence would unduly extend this opinion and serve no good purposes. We give only such outline as will indicate our conclusions.

This mortgage grew out of transactions between Mr. Gay and Roanoke Banking Company which had continued for many years. Loans made by the Roanoke Bank from time to time for cropping operations, also monies to buy lands, were evidenced by numerous chattel mortgages from time to time dating back to 1917, and real estate mortgages dating back to 1919. Proceeds of cotton crops were turned in or paid to the Bank from year to year, and renewals of the real estate mortgage made on sundry dates until the failure of Roanoke Banking Company in January, 1931.

The Guaranty Trust Company of New York had made large loans to Roanoke Banking Company, taking as collateral certain securities held by the borrowing bank against its customers, among them the securities held against Mr. Gay.

After the failure of the Bank of Roanoke the liquidating agent, with the approval of the court, negotiated with Guaranty Trust Company to take over certain securities, including the Gay papers, at agreed prices, and give credit therefor. Following this the instant mortgage was given direct to Guaranty Trust Company, appellant.

We are of opinion complainant failed to sustain his allegations of fraud in the procurement of this mortgage. The fraud alleged is deceit of the agent of the mortgagee who presented the mortgage to the mortgagor for signature in that it was represented the mortgage was for the indebtedness to Roanoke Banking Company, concealing the fact that it was made to the New York Bank, inducing the mortgagor to sign without reading, &c.

The weight of the testimony is to the effect that an officer of the New York Bank came on the ground when negotiations for this paper were pending, personally interviewed Mr. Gay, agreed with him on an amount less than the sum shown by his renewal papers, such sum as he could properly secure and pay; that this mortgage was for the amount then agreed upon; that payments were afterwards made on this mortgage with knowledge of same. It was on record, and prolonged efforts were made to borrow money from Federal Land Bank of New Orleans to take it up. The officer certifying the acknowledgment had died.

We are of opinion complainant has failed to sustain the burden of proof for want of consideration in that he had paid his indebtedness to Roanoke Banking Company. The evidence of his own unquestioned signatures, an intelligent, experienced man, are not to be overcome by indefinite estimates of amounts borrowed and amounts paid through the years.

We are of opinion complainant makes no case for an accounting as against

Guaranty Trust Company. The payments made on this mortgage are not in dispute as to amount. Complainant merely questions having willingly made any payments. This Bank has never had the records of the Bank of Roanoke, and it appears, without any agency of the New York Bank, they have been destroyed under orders of court on winding up the affairs of the Bank in liquidation.

Under the circumstances above disclosed Mr. Gay is in no position to question the amount of his indebtedness to Roanoke Banking Company. Having agreed upon the amount of the mortgage to be given the Guaranty Trust Company, which so far as appears, has acted in good faith throughout, this mortgage fixes the amount of such indebtedness. Clark v. Sanders, 233 Ala. 378, 171 So. 717; Taylor et al. v. Federal Land Bank of New Orleans et al., 238 Ala. 366, 191 So. 211.

The decree of the court below will be reversed and vacated and one here rendered denying relief to complainant. In cases like this the mortgagee is entitled to a decree of foreclosure upon request without a cross-bill. Seed v. Brown, 180 Ala. 8, 60 So. 98; Thomas, Superintendent of Banks et al. v. Barnes et al., 219 Ala. 652, 123 So. 18; Simpson v. James R. Crowe Post 27, American Legion, 230 Ala. 487, 161 So. 705.

A decree of foreclosure will be here entered.

The cause is remanded for further proceedings in conformity to said decree.

Reversed, rendered and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.