1 So.2d 911

GOODHOPE COLORED PRESBYTERIAN CHURCH v. LEE.

6 Div. 701.

Supreme Court of Alabama.

Feb. 27, 1941.

Rehearing Denied May 15, 1941.

Ling & Bains, of Bessemer, for appellant.

Lipscomb & Lipscomb and L. Herbert Etheridge, all of Bessemer, for appellee.

LIVINGSTON, Justice.

This is a bill filed by the appellant in the Circuit Court of Jefferson County, Alabama, In Equity, Bessemer Division, to set aside and hold for naught a deed conveying to William M. .Lee, respondent, a lot or parcel of land fronting 100 feet on 1st Avenue in Bessemer, Jefferson County, Alabama, and extending back of uniform width for a distance of 50 feet, together with the house located thereon.

It is without dispute that on July 16th, 1937, a deed to certain Church property, a house·and lot referred to as the Manse, purporting .to be the act of the complainant Church by and through its board of trustees, was executed and delivered to respondent.

But it is earnestly insisted that this deed is invalid because. not executed and delivered in compliance with our statute law (Section 7172, Code 1928) governing such conveyances, and with the rules and regulations of the Church itself.

Section 7172, Code 1928, reads as 'follows: "How property conveyed.—The trustees or other authorized agents of any church, conference of churches, society or association, or other corporation organized under section 7167 of this article, may sell and convey all or such part of the property thereof, real or personal, as they may be authorized to do by resolution of the church, conference of churches, society or association, or other corporation assembled at a regular meeting or special meeting, and if a special meeting, notice of the time, place and object of such meeting must be given at least ten days prior to said special meeting by posting notice at the place of said special meeting."

The complainant Church is a corporation organized under and by virtue of the laws of this State. Section 7167, Code 1928. Its articles of incorporation, among other things, provide for the following object: "To adopt all necessary by-laws and rules for its conduct and for the carrying out its object, provided said Church and School shall at all times be conducted under the auspices and in accordance with the teaching, doctrines, confession of faith and Book of Church Order of the Presbyterian Church in the United States, to its ecclesiastical successor."

Complainant offered evidence tending to prove that Sections 153 and 154 of the Book of Church Order of the Presbyterian Church of the United States reads as follows:

"Section 153. Whenever it may seem for the best interest of the church that congregational meeting should be held, the Session shall call such meeting and give public notice, and no business shall be transacted at such meeting except what is stated in the notice. The Session shall always call a congregational meeting when required in writing to do so by one-fourth of the communing members of the church.

"A quorum of a congregational meeting shall consist of one-fourth of the resident communing members, if the church has not more than one hundred such members and of one-sixth of the resident communing members if a church has more than one hundred such members.

"Section 154. When a particular church is incorporated, its meetings for the transaction of the business of the corporation will be provided for in its charter and by-laws which must always be in accord with the Standards of the Presbyterian Church in the United States, and must not infringe upon the powers or duties of the Session or of the Board of Deacons."

█ The validity vel non of the deed here questioned depends upon a compliance with Section 7172, Code of 1928, hereinabove set out, and the rules and regulations of the Church. There is ample evidence to support a consideration for the deed.

Let it be said in the beginning that the testimony in this cause, in many respects, is contradictory and confusing. The respondent's evidence tends to establish the fact that he, with several others, organized and incorporated the Goodhope Colored Presbyterian Church in July, 1913; that from 1913 to 1937 the respondent was pastor of said Church, serving much of the time with little or no pay; that respondent practically built the house standing on the lot here in question at his own expense; that at the time the deed to the property was executed and delivered the Church was indebted to respondent in the sum of approximately $1,500.

The testimony for complainant tends to show that at about the time the deed was executed and delivered the respondent was removed as pastor of the Church by its congregation, and that the Church owed respondent nothing.

The minutes of its meeting kept by the Church, and introduced in evidence show the following:

"The session of Goodhope Presbyterian Church met in a special call meeting at the home of Brother Royster, purpose of considering the debt due Rev. Wm. Lee; prayer by Brother Thomas.

"The session was then opened for business, Rev. Lee gave to the session two propositions.

"1. That the church should get one of its members to pay the ex-pastor off, take mortgage on the church and receive payments from the church.

"2. That the church deed the ex-pastor the ground which the manse sits on in full payment of debt.

"It was estimated that the amount owed ex-pastor (Rev. Wm. Lee) is between $1500.00 and $1600.00. The amount in church general treasure and Sunday School treasure would not exceed six ($6.00) dollars. Session orders that this amount be included with the ground mentioned above, and that a congregational meeting be called on the Monday following this date, to consider the indebtedness of Goodhope Presbyterian Church, Incorporated, to the Rev. William M. Lee. Recommended by the Session that the 50 feet by 100 feet, which the manse now stands on deeded to Rev. Lee.

"Much discussion was heard, session closed with prayer by Bro. Royster.

"Wm. Thomas, Clerk of Session,
"I. S. Royster, Acting Moderator.
"(Bessemer, Ala., July 9, 1937.)"

"Bessemer, Alabama
"July 12th, 1937.

"A congregational meeting of Goodhope Presbyterian Church met at the church to consider the indebtedness of the church to Rev. Wm. M. Lee. After a short devotion the meeting was called to order.

"Brother Wm. Thomas stated the cause of the meeting, and also the session's recommendation. After a lengthy discussion the members by a unanimous vote.

"The trustees of the property of Goodhope Presbyterian Church, Incorporation are ordered to make a deed to the Rev. Wm. M. Lee of the fifty (50 ft.) feet of the lot owned by the church on which the manse stands, running alongside 1st Ave-

nue and 100 feet running along Center Street.

"A letter was read and received from Mr. Walter Lee (member of Trustee Board) stating that he cannot be present but is in accord with such a settlement.

"Copy of Letter.

"Dolomite, Ala.

"7/10/37

"To Goodhope Presbyterian Church.

"This is to certify that if the debt owed Rev. Wm. Lee can't be paid, otherwise I hereby agree that the ground that the manse (50 feet x 100 feet) stands on be turned over to him in full payment of the debt the church owes him.

"(Signed) Walter Lee

"Mrs. Lizzie Lee.

"After prayer the meeting adjourned.

Recorded by Wm. Thomas."

While the minutes of the meeting, purporting to give the trustees authority to execute the deed was dated July 12, 1937, would indicate a special meeting as distinguished from a general meeting of the Church, yet the testimony for both parties to the cause tends to establish that the meeting in reality was held in the Church on Sunday, the 11th day of July, 1937, after the adjournment of Sunday School. Several witnesses testified that it had been announced from the pulpit on the two previous Sundays that the particular question of deeding the property to the respondent would be taken up at Church on the particular Sunday in question, and while some of the witnesses referred to this meeting as a special meeting, we are of the opinion that what they really meant was a regular meeting of the Church at which the special subject would be considered.

The evidence convinces us of a substantial compliance with Section 7172 of the Code of 1928, in the execution and delivery of the deed to respondent.

But it is further insisted by appellant that in addition to a compliance with Section 7172 of the Code of 1928, it was indispensable that the Book of Church Order and Church Law be also complied with; that an incorporated Presbyterian Church cannot convey away its property without the Session first calling a congregational meeting to so authorize the trustees.

Even so, we can perceive of no good reason why a congregational meeting and a regular meeting of the Church cannot take place at one and the same time; and the meeting at which the trustees were authorized to execute and deliver to respondent the deed here questioned met all the requirements of both Section 7172 of the Code of 1928, and the rules, regulations and law of the Church mentioned.

The evidence was not taken ore tenus before the trial judge, and we review the case without presumption in favor of his finding in accordance with our statute. Section 9502, Code of 1923; Guaranty Trust Co. of New York v. Gay, 240 Ala. 35, 196 So. 895.

We are reasonably satisfied from the evidence that authority was given by the Church in a regular meeting, and in compliance with the rules and regulations of the Church, to the trustees as would authorize them to execute and deliver to respondent a deed conveying to him the property here involved.

The decree is affirmed.

Affirmed.

GARDNER, C. J., BOULDIN and FOSTER, JJ., concur.