the corporation was void, or voidable as an irregularity, we need not decide.

The motion to dismiss appeal is denied, with $10 costs against the respondent, and the order is affirmed, with $10 costs and disbursements against the appellant.

(20 Misc. Rep. 327.)

SPITZER v. NASSAU NEWSPAPER DELIVERY EXP. CO.

(Supreme Court, Appellate Term. May 28, 1897.)

1. MASTER AND SERVANT—PROOF OF RELATION.
    Plaintiff was run over by a wagon, and the question was whether the driver was in the employ of defendant at the time. Defendant was engaged in delivering morning newspapers, using 40 wagons therefor, and another concern, with 8 wagons, delivered evening papers. They kept their horses and wagons at the same place. The accident happened in the afternoon. The driver testified that he drove for defendant in the morning and for the other concern in the afternoon, and that on the afternoon of the accident he was driving a wagon of the other concern; but he admitted that defendant's wagons were used in the afternoon for certain purposes. Several witnesses testified that the wagon in question had defendant's name on it. Defendant's cashier testified that he did not know of any pay roll of defendant containing the driver's name. The manager of the other concern testified that the driver was in its employ. *Held*, that the question was properly submitted to the jury.

2. TRIAL—STRIKING OUT TESTIMONY.
    The court cannot strike out of the answer of a witness qualifying words used therein.

Appeal from city court of New York, general term.

Action by Regina Spitzer, an infant, by Ignatz Spitzer, her guardian ad litem, against the Nassau Newspaper Delivery Express Company for personal injuries. From an affirmance of a judgment entered on a verdict in favor of plaintiff (44 N. Y. Supp. 1129), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William A. Jones, Jr., for appellant.

A. H. Berrick, for respondent.

DALY, P. J. The defendant appeals upon the ground that the uncontradicted evidence established that the driver of the wagon which ran over the plaintiff was not in the employ of the defendant at the time of the accident. But the case shows that there was a conflict of evidence upon the facts, and that there was a question for the jury upon the main issue. The wagon in question was engaged in the delivery of newspapers, and the accident occurred in the afternoon. It appears that there were two express companies delivering newspapers. One was the defendant, the Nassau Newspaper Delivery Express Company, having 40 wagons, and the other was the Evening Newspaper Delivery Company, having 8 wagons. They kept their horses and wagons in the same place, and the driver who ran over the plaintiff drove for both companies. He stated that he drove for the defendant in the morning, to deliver morning

papers, and for the other company in the afternoon, to deliver afternoon papers; that he used the wagons of the defendant in the morning; and that on the afternoon in question he was driving a wagon of the other company. But four witnesses on the part of the plaintiff testify that at the time of the accident he was driving a wagon on which appeared the name of this defendant. While appellant concedes that by this latter fact a prima facie case was made out against the defendant on the issue of the ownership of the wagon and the employment of the driver, it claims that the evidence offered to rebut the presumption in that respect conclusively disproved the plaintiff's case. There was the testimony of the defendant's cashier, but it proved nothing except that he did not know of any pay roll of the defendant which contained the name of Max Glaser, the driver. This was certainly not conclusive that Glaser was not in the defendant's employ. The same observation applies to the testimony of the manager of the other company, to the effect that Glaser was in the employ of that company. Notwithstanding this testimony, there remained the fact, if the jury believed the plaintiff's witnesses, that Glaser was actually driving the wagon of the defendant company on the afternoon in question, and the reasonable inference is that he did so by authority of that company. He drove for them in the morning, but it does not follow that, because he had delivered the papers for another company in the afternoon, he was using this wagon without authority for that purpose. There is no proof that he had not the right to use it in that way. The defendant company had 40 wagons and the Evening Newspaper Delivery Company had but 8; and it was not unreasonable to presume that, when the former company's wagon was found delivering afternoon papers, it did so by virtue of some arrangement with the other company. No explanation was offered as to how the defendant's wagon came to be used for the afternoon deliveries, the defendant planting itself upon the denial that its wagon was so used; but the evidence the other way was overwhelming. The driver admitted that the defendant's wagons were used in the afternoon, but for express work, and had not been used to deliver papers. Upon the whole evidence the trial justice was justified in submitting the case to the jury.

There is but one exception to ruling upon evidence. The plaintiff's physician, being asked if he found any permanent injury to the child, described the results of an examination, and said that the wound on the head would be the only cause of trouble, with the development of the brain as she grew up, to the best of his knowledge, concluding:

"I believe, to the best of my opinion, that the fracture of the out table of the skull, such as she had,—that it might be a lack of development,—of some lack in her mental capacity as she grew up."

The defendant moved to strike out the words "might be," which was denied, and an exception taken. No error is disclosed by this. The motion to strike out the words in question would simply alter the testimony of the witness, and make it different from what he had actually given, namely, a positive, instead of a qualified, statement. The court was not at liberty to do this. It could strike out

the whole answer, if improper, but not certain qualifying words, which were a part of it. Besides, the motion, if granted, might have left the witness' answer unintelligible, and this defendant had no right to ask.

Judgment affirmed, with costs. All concur.