[Ward v. Bank of Abbeville.]

# Ward v. Bank of Abbeville.

*Bill in Equity to enjoin Foreclosure of Mortgage and for the Cancellation of Mortgage.*

1. *Equity pleading; effect of register's finding.*—On a bill filed by a mortgagor to be relieved from usury for an accounting and to enjoin the foreclosure of a mortgage and for the cancellation of the mortgage, where the chancellor orders a reference before the register to ascertain the amount due by the complainant on the principal of the loan with legal interest, the register's finding as to the disputed question is *prima facie* presumption of correctness.

2. *Bill for cancellation of mortgage and for an injunction; decree erroneous when complainant required to pay more than the amount of the loan, with legal interest.*—Where a bill is filed by a mortgagor to be relieved from usury and to enjoin the foreclosure of a mortgage and to have the mortgage cancelled, upon the ground that there was usury in the transaction, and the complainant offers to pay such sum as might be found due on the debt, a decree is erroneous which requires the complainant to pay anything in excess of the amount ascertained to be due on the principal of the loan, together with legal interest, as a condition to the maintenance of the bill, and which fails to provide for the complainant's relief in the event of the payment of the amount so ascertained to be due with legal interest.

3. *Same; same; when improper to allow attorney's fee.*—Where a mortgagor files a bill asking to have the foreclosure or a mortgage enjoined and the mortgage cancelled on the ground that there was usury in the transaction, and it is shown that in the note which the mortgage was given to secure the defendant promises to pay, in addition to the sum borrowed, "all the expenses incurred in collecting the same, including attorney's fee," and it was stipulated in the mortgage that in the event of foreclosure, the proceeds of sale should be used in payment of the note and sundry expenses and attorney's fee for foreclosing the mortgage, it is improper to allow an attorney's fee to the defendant in such suit for defending the same.

4. *Same; same; complainant should not be required to pay cost to defendant.*—In such a suit, where the court decrees that un-

less the complainant pays over to the defendant a sum ascertained to be due on the mortgage debt, his bill shall be dismissed, it is error for him to further decree the payment of costs to the defendant as a condition to maintaining the bill.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by J. R. Ward, the appellant, against the appellee, the Bank of Abbeville. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

P. A. McDANIEL, for appellant, cited *Armour Packing Co. v. Nat. Bank,* 11 So. Rep. 28; *Sayre v. Weil,* 94 Ala. 466; *A. F. L. M. Co. v. Pollard,* 120 Ala. 1; *Tompkins v. Drennen,* 95 Ala. 463; *Bedell v. Manfg. Co.,* 91 Ala. 325; *Bynum v. Frederick,* 81 Ala. 489; *Watts v. Bank of Eufaula,* 76 Ala. 474.

J. G. COWAN, *contra,* cited *Richards v. Bestor,* 90 Ala. 352; *Johnson v. Turner,* 88 Ala. 580; *Tompkins v. Drennen,* 95 Ala. 466; *Christian & Craft Co. v. Hill,* 122 Ala. 490; *Winter v. Banks,* 72 Ala. 409; *Leyman v. Levy,* 69 Ala. 48; *Anniston L. & T. Co. v. Ward,* 108 Ala. 85; *Jones v. White,* 112 Ala. 449.

SHARPE, J.—Complainant borrowed money from the defendant and gave notes therefor wherein he promised to pay stated sums "and all the expenses incurred in collecting the same, including attorney's fee." To secure their payment he executed a mortgage containing power to sell the mortgaged property in case the notes were not paid and to apply the proceeds of sale to the notes and sundry expenses and attorney's fees for foreclosing this mortgage. Personal property was seized and some of it sold by defendant, whereupon this bill was filed praying to be relieved from usury, to have an accounting to enjoin further selling, to have the mortgage cancelled, and for general relief. As grounds for relief it is alleged in substance that usurious charges for the loan enter into the consideration of the notes,

and that proper deductions for property taken together with payments and sets-off leave nothing equitably due thereon. Complainant by the bill offers to pay such sum as might be found due on the debt.

By its answer defendant admits the notes are subject to deductions for usury and payments, but denies they are satisfied except as to part of the sum. The disputed question of how much if anything, was owing by complainant to defendant was upon a reference tried before the register on depositions now in the record, and he found and reported there was due of the sum actually loaned with legal interest $339.20. He further reported that $50 was a reasonable solicitor's fee for defending this suit. The decree from which this appeal was taken overrules exceptions to and confirms the report, and then proceeds and ends as follows: "And it appearing from said report that complainant is now due respondent the sum of four hundred and thirty-eight and 13-100 dollars (438.13), it is therefore ordered, adjudged and decreed that unless complainant pays over to the respondent or its solicitor of record said sum of four hundred and thirty-eight and 13-100 dollars in 20 days from this date, together with one-half the costs of this suit, his said bill shall stand dismissed out of this court at the full cost of complainant and for which in that event the register may issue execution."

1. The register's findings as to the balance due on the principal of the loan are entitled to the *prima facie* presumption of correctness.—*Nooe v. Garner*, 70 Ala. 443; *Rather v. Young*, 56 Ala. 14. The evidence favoring the complainant is not sufficient to overthrow that presumption, hence it has not been shown that there was error in overruling exceptions to the report.

2. The decree is erroneous in so far as it requires complainant to pay anything in excess of the loan with legal interest as a condition to having the bill retained, and also in failing to provide for his relief in any event. Courts of equity as well as courts of law are under the duty of enforcing the usury laws, and in adherence to a well known maxim they have maintained the rule that a borrower asking to be relieved of usury must do equity not by way of performing his contract, but by restoring

what he has received under the contract and making compensation for its use, which in equity is accomcomplished by payment of the loan with legal interest. That done, equity will afford the remedy.—*Lindsay v. U. S. etc. Asso.,* 127 Ala. 365, and authorities there cited.

Whether the solicitor's fee ascertained as reasonable for defending was included in the sum required of complainant the decree does not in terms disclose; but if so, its addition to the balance of loan and interest still falls short of the sum named in the decree. Moreover, such fees were not within complainant's promises to pay. As contained in the notes, the stipulations relating to fees were to pay for collecting; in the mortgage the provision was that a fee might be retained for foreclosing, neither of which proceedings is being prosecuted here. Defendant having no cross-bill its attitude in the suit is repellant only. It can have no affirmative relief. Conceding this defense was necessary to prevent extinguishment of the debt, yet it does not look to foreclosure or to the enforcement of collections. For any collection in this suit, defendant must depend on the debtor's option as before the suit. Dismissal of the bill, which is the utmost it can compel, will remit the defendant to its original remedies the expenses whereof may be claimed as an increment of the debt with better reason than here.

3. There was error also in decreeing payment of costs to defendant as a further condition to retaining the bill. In view of the fact that a large part of the costs accrued by reason of futile litigation furthered by the complainant, it would not have been an improper exercise of the court's discretion to have decreed the taxation of one-half the costs against him. This is not prevented by the provision for recovery of full costs by *defendants* in usury cases as found in section 1328 of the Code.

The decree will be reversed and the cause remanded that a decree may be rendered in the chancery court in accordance with this opinion. Appellee will pay the costs in this court and costs of the appeal in the chancery court.

Reversed and remanded.