## O'Neal, et al. v. Lovett, et al.

### Bill to Redeem from Foreclosure Sale.

(Decided November 30, 1916.   73 South. 329.)

1. **Witnesses; Declarations of Decedent.**—Where the bill sought to redeem land from a mortgage foreclosure sale, and alleged that complainants were entitled to enforce as a vendor's lien their claim for money, which they allege that the ancestor of respondents had failed to pay of the purchase price of the land which he had bought from the ancestor of complainants, by setting it off against any balance due on the mortgage, the testimony by interested parties as to declarations by one of the vendors, and by the vendee, both of whom were deceased, and their estate interested in the result of the suit, was inadmissible.

2. **Appeal and Error; Harmless Error; Evidence.**—Where the evidence is inherently illegal, and is excluded on motion, it is of no consequence that the motion did not point out the true ground of objection.

3. **Evidence; Recital in Deeds.**—Where the bill was to redeem land from mortgage foreclosure·sale, and complainant sought to enforce a claim as for a vendor's lien by setting it off against any balance due on the mortgage, the burden was on complainant to overcome the prima facie effect of the recital of payment in the deed of their ancestor to the ancestor of respondents.

4. **Appeal and Error; Invited Error.**—A party cannot complain of the exclusion of the entire testimony of the witness, since· evidence cannot be excluded on one party's motion· with a saving clause preserving for the mo-·ment some supposedly beneficial effect; if complainant desired to leave in evidence any particular part of the evidence to which they objected, their motion should have been framed so as to point out to the chancellor exactly what words were sought to be excluded.

5. **Mortgages; Foreclosure; Attorney's Fee.**—Where a mortgage provided for attorney's fee only in case of foreclosure under the power of sale, it was error to allow such fee for foreclosure of the mortgage by answer in the naure of a cross bill filed to a bill to redeem land from mortgage foreclosure.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by William O'Neal and others against Frances P. Lovett and others, to redeem land from a mortgage foreclosure sale.

From a decree for respondents, complainants appeal. Corrected and affirmed.

Hettie O'Neal and others interested therein conveyed certain lands to J. A. B. Lovett for the sum of $450, which the deed recited was paid. Some time thereafter Lovett sold and conveyed the same land to Hettie O'Neal for the sum of $700, $400 of which was paid in cash or otherwise, and the balance of $300 secured by her notes and mortgage. The bill alleges that Lovett never paid $200 of the original purchase money, and that complainants are entitled to enforce the claim as a vendor's lien by setting it off against any balance due on the mortgage. Both Hettie O'Neal and Lovett are dead, and the bill is filed by the heirs of Hettie O'Neal as owner of the land, and of the vendor's lien, against the heirs of Lovett as the owners of the mortgage. The chief issue of facts was whether there was any balance due on Lovett's original purchase, and the amount of the balance due on the mortgage. The chancellor ruled out a great deal of testimony by interested parties as to declarations by one James O'Neal, deceased, and Lovett, tending to show that a balance of $200 was due from Lovett, and decreed that the lien was not established by the evidence of complainant. He ascertained the amount of the mortgage debt, and decreed redemption upon its defendant, and, upon a failure to pay, ordered a sale of the land to satisfy the mortgage. He also allowed an attorney's fee to respondent for foreclosure under allegations of the cross-bill.

D. B. COBBS, and S. C. JENKINS, for appellant. ERVIN & MCALEER, and CHARLES HALL, for appellee.

SOMERVILLE, J.— (1, 2) The chancellor excluded all the testimony by interested parties as to declarations by James O'Neal, one of the vendors, and by J. A. B. Lovett, vendee, both of whom were deceased and their estate interested in the result of the suit. Where evidence inherently illegal is excluded on motion, it is of no consequence that the motion did not point out the true ground of objection.—*Moseley v. Mastin*, 37 Ala. 216. This left no testimony before the court tending to show the existence or amount of a vendor's lien, except that of one McKenzie, who stated merely that he had at one time heard Lovett say that he owed a balance on the lot he bought from the O'Neals, but did not say how much.

(3) This testimony alone could not support a finding for any particular amount, and hence complainants failed to support their claim as to a vendor's lien; the burden being upon them to overcome the prima facie effect of the recital of payment in the deed.

Complainants' counsel, however, insist that the chancellor erred with respect to the exclusion of the testimony of Mary Lovett, one of the respondents. She testified: "The terms of the trade between my father and Miss Hettie O'Neal were as follows: My father sold her the two lots for $700, $200 of which amount she was to pay in cash, and she was given credit for $200 which my father owed Mr. O'Neal, the father of Miss Hettie O'Neal, on this same property."

Complainants objected to the interrogatory itself, and moved to exclude all the words of the answer "except in so far as they show a balance was due on this same property and unpaid." One ground of the motion to exclude was, "second, because it is her opinion or conclusion that the money was owing from her father to Hettie O'Neal's father."

(4) If complainants desired to leave in evidence any particular part of this testimony, a motion should have been so framed as to point out to the chancellor exactly what words were sought to be excluded.

Testimony cannot be excluded on one party's motion, with a saving clause which preserves for the moment some supposedly beneficial effect of such testimony. Either it must be excluded, or it must remain in evidence. As this motion was framed—and especially in view of the specific objection to the witness' conclusion that her father owed a balance of $200 on the purchase price —the movants cannot complain that the chancellor excluded the entire testimony of this witness.

It may be doubted also whether a subordinate phrase, incomplete in itself, and forming part of a complete statement, could be properly separated from its context, by a motion to exclude the context only.—See *Spitzer v. Nassau, etc., Co.*, 20 Misc. Rep. 327, 45 N. Y. Supp. 682. This, however, we need not now determine.

(5) It is conceded by appellees that the chancellor erred in allowing an attorney's fee for foreclosure of the mortgage by cross-bill; the mortgage providing for such a fee only for foreclosure under the power.—*Bynum v. Frederick*, 81 Ala. 489,

[Kimball, et al. v. Cunningham Hdw. Co., et al.]

8 South. 198. The decree will therefore be corrected in this re-. spect, and recovery of such a fee by respondents will be denied.

We find no error in the decree of the chancery court as noted.. It will therefore be corrected, and, as corrected, will be affirmed. The costs of this appeal will be apportioned equally between the; parties.

Corrected and affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur..