**HAZLEWOOD v. WALKER.** (7 Div. 492.)

(Supreme Court of Alabama. June 20, 1924. Rehearing Denied Oct. 16, 1924.)

**1. Mortgages ⬤⇒494 — Decree of foreclosure held not void for not describing property.**

Decree rendered on cross-bill, directing foreclosure of mortgage which was made exhibit to bill to enjoin foreclosure, was introduced in evidence, and accurately described property was referable to mortgage, and hence not void for failure to describe property, though original bill was dismissed on final hearing.

**2. Injunction ⬤⇒175—Injunction against foreclosure properly dissolved, though answer was not sufficiently verified.**

Decree dissolving injunction against foreclosure of mortgage, on answer after proof and court's conclusion on final hearing that there was no equity in bill, held valid, though answer was not so verified as to authorize dissolution under chancery rule 32.

**3. Mortgages ⬤⇒581(2)—Attorney's fees for foreclosure in equity held properly allowed.**

Allowance of attorney's fees for foreclosure of mortgage in equity held proper, in view of express provision of mortgage that fee for foreclosure thereof in chancery should become part of debt.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill in equity by J. T. Hazlewood against Martha F. Walker. From a decree for respondent, complainant appeals. Affirmed.

The bill alleges that complainant on September 29, 1914, procured a loan of $1,000 from respondent, executing to her a note for $1,080, secured by a mortgage on lands described, and agreed to pay respondent, in addition to 8 per cent. interest, a commission for the loan, making the total rate of interest 10 per cent.; that in October, 1916, a second mortgage was executed to take up the first mortgage, but that the first paper was not purged of usurious interest, the alleged usurious interest claimed on the first paper being claimed as a part of the amount due under the latter. A copy of the second mortgage is exhibited with the bill. It is further alleged that respondent has advertised the lands for sale under the power contained in the mortgage, at a time and place specified, and that, if respondent be permitted to foreclose, complainant will be required to pay illegal interest. It is prayed that foreclosure be enjoined; that a reference be had to ascertain the amount due by complainant on the mortgage debt, and that he be permitted to pay same and have the mortgage canceled. A temporary injunction was issued as prayed.

Respondent filed answer and cross-bill, denying that any agreement was made for the payment of usurious interest and that any such interest was paid; and praying that the mortgage indebtedness be ascertained and foreclosure ordered, and that an attorney's fee for foreclosure be allowed her.

After hearing, the trial court entered final decree denying complainant's right to the relief prayed, dismissed complainant's bill, dissolved the temporary injunction, and granted the relief prayed by respondent in her cross-bill for foreclosure of the mortgage

and allowance of an attorney's fee; a reference being ordered to ascertain the amount of such fee.

J. S. McLendon, of Birmingham, for appellant.

The bill has equity, since usury cannot be asserted after valid foreclosure. Jones v. Meriwether, 203 Ala. 155, 82 South. 185; Gardner v. Ruffner, 206 Ala. 666, 91 South. 580. The allowance of an attorney's fee was improper. O'Neal v. Lavett, 197 Ala. 628, 73 South. 329; Bynum v. Frederick, 81 Ala. 489, 8 South. 198; Seed v. Brown, 180 Ala. 8, 60 South. 98; Lampkin v Irwin, 202 Ala. 14, 79 South. 300; Compton v. Collins, 197 Ala. 642, 73 South. 334.

M. M. Smith, of Pell City, for appellee.

If the bill was wanting in equity, the temporary injunction was properly dissolved. Chambers v. Ala. Iron Co., 67 Ala. 353; Nat. Fertz. Co. v. Hinson, 103 Ala. 532, 15 South. 844. Counsel argues other questions, but without citing additional authorities.

ANDERSON, C. J. We concur in the conclusion of the trial court that the mortgage debt was not usurious and in the dismissal of the original bill of complaint.

[1] It is urged that the decree awarding the respondent relief under her cross-bill and directing a foreclosure of her mortgage is void because it does not describe the property. The decree directs a foreclosure of the mortgage which was not only made an exhibit to the bill but was introduced in evidence and which accurately describes the property, and the decree was, of course, referable thereto. True, the original bill was dismissed upon final hearing, but this did not eliminate the same from the file or record of the cause so as to prevent the decree on the cross-bill from being referable thereto.

[2] It is next insisted that the answer was not so verified as to authorize a dissolution of the injunction under chancery rule 32. It is sufficient to suggest that, whether the answer was or was not sufficiently verified, the injunction was not dissolved upon the answer alone, but only after proof was taken and the conclusion of the court upon final hearing that there was no equity in the bill.

[3] As to the allowance of attorney's fees for a foreclosure of the mortgage in equity the mortgage expressly provides that for a foreclosure of same in chancery the fee was to become a part of the debt.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.