**JACKSON et al. v. PRESTWOOD et al.**
**(4 Div. 137.)**

(Supreme Court of Alabama. June 30, 1924.)

**1. Equity ⊂⊃196—Cross-bill essential to foreclosure in suit to enjoin sale under mortgage.**

A cross-bill, or answer in nature of cross-bill, was essential to foreclosure in suit by mortgagor to enjoin sale of property under mortgage.

**2. Mortgages ⊂⊃390—Power of sale does not deprive equity court of jurisdiction of action to foreclose.**

That mortgage contains power of sale does not deprive equity court of jurisdiction of action to foreclose, and mortgagee may file cross-bill to foreclose when original bill seeks injunction and cancellation.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill in equity by J. A. Jackson and others against N. P. Prestwood, as administrator of the estate of F. M. Prestwood, and others, to enjoin the foreclosure of a mortgage, etc. From a decree overruling demurrer to respondents' cross-bill complainants appeal. Affirmed.

Sollie & Sollie, of Ozark, for appellants.

The cross-bill does not set up an independent equity not available in the original bill, and demurrer should have been sustained. Eslava v. Crampton, 61 Ala. 507; Branch

Bank v. Strother, 15 Ala. 51; Nelson v. Dunn, 15 Ala. 501; Mooney v. Walter, 69 Ala. 75; Eslava v. Elmore, 50 Ala. 587; Rogers v. Torbut, 58 Ala. 525. Cross-complainants are probably not entitled to attorney's fees claimed in the cross-bill. Am. Mtg. Co. v. Pollard, 132 Ala. 155, 32 South. 630. If so, they are allowable without a cross-bill. Speakman v. Oaks, 97 Ala. 503, 11 South. 836.

Riley & Stokes, of Ozark, for appellees.

Counsel argue the questions raised, but without citing authorities.

ANDERSON, C. J. [1] The original bill was by the mortgagor to enjoin a sale of the property under the mortgage, sought an accounting and the payment of the mortgage debt. Respondent answered and sought by cross-bill affirmative relief; that is, the foreclosure of the mortgage. A cross-bill, or answer in the nature of a cross-bill, was essential to a foreclosure and which could not be decreed without same. Bedell v. New Eng. Mtg. Secty. Co., 91 Ala. 325, 8 South. 494; Ketchum v. Creagh, 53 Ala. 224; Davis v. Cook, 65 Ala. 617.

[2] The fact that a mortgage contains a power of sale does not deprive an equity court of jurisdiction of an action to foreclose, and the mortgagee may file a cross-bill to foreclose when the original bill seeks an injunction and cancellation. Vaughan v. Marable, 64 Ala. 60. The mortgage expressly provides for an attorney's fee for a foreclosure in equity.

The trial court did not err in overruling the appellants' demurrer to the cross-bill, and the decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.