144 So. 579

## HYLTON v. CATHEY.
### 2 Div. 2.

Supreme Court of Alabama.
Nov. 25, 1932.

Jas. R. McDaniel and Geo. O. Miller, both of Livingston, for appellant.

James A. Mitchell and Patton & Patton, all of Livingston, for appellee.

THOMAS, J.

This is a bill filed by R. L. Hylton against Maggie W. Cathey to enjoin the foreclosure of a mortgage on the ground that a substantial payment had been made to the mortgagee, W. J. Willis, to be credited on said mortgage.

It is averred that the said W. J. Willis is dead and left as his only heir Maggie W. Cathey, his daughter; that the said Maggie W. Cathey is threatening to foreclose said mortgage; that complainant, R. L. Hylton, has made a tender of the balance on said mortgage, and has kept said tender good by paying the same to the register of the circuit court.

The respondent filed an answer denying the payment in question had been made, and asked that her answer be treated as a cross-bill, that the mortgage be foreclosed, and prayed for the allowance of an attorney's fee for the foreclosure of said mortgage in equity. The mortgage provided for foreclosure under the power of sale, and for a reasonable attorney's fee for said foreclosure; but did not provide for the payment of an attorney's fee if said mortgage was foreclosed in a court of equity. The demurrer raises this question; and the court overruled the demurrer.

This cause was submitted on the pleading and proof, and the court granted the relief prayed for in the cross-bill.

The cross-bill alleges "that in the mortgage herein above referred to, complainant agreed to pay all cost of collection including a reasonable attorney's fee, and that it has become necessary for this defendant to employ counsel to foreclose this mortgage or collect the debt secured thereby."

The mortgage exhibited provides: " * * * The debt hereby secured shall become due and payable, and the party of the second part, its successors and assigns, by any agent it may select, is hereby authorized without the process of law to take possession of any or all of said property, and to sell the same or any part thereof for cash at private or public sale, without delay, or at public outcry for cash to the highest bidder at Epes, Alabama, after advertising the same for ten days by posting notices there in public places in said county, and such sale may be made before taking possession of said property; and the parties of the first part agree to pay all costs of taking

possession of said property, of caring for and feeding the same, and the cost of making said sale, including a reasonable attorney's fee. The party of the second part may buy any of said property at such sale. * * * The proceeds of said sale shall be applied, first, to the payment of all expenses of seizing, caring for and selling said property, including a reasonable attorney's fee; second, to the payment of the debt due the party of the second part, and the balance to be paid to the parties of the first part."

The complainant in the cross-bill did not declare her right to provisions now to be adverted to; the note secured thereby contained the following provision: "* * * They each severally agree to pay all costs of collecting, or securing, or attempting to collect or secure this note, including a reasonable attorney's fee, not less than ten per cent, whether the same be collected or secured by suit or otherwise."

Where the mortgage merely provides that the mortgagee may sell the premises at public outcry and from the proceeds pay all costs of foreclosure, including an attorney's fee, no attorney's fee can be recovered in a suit in equity to foreclose; it being held that the provision thereof is confined to the sale made in exercise of the power. Bynum v. Frederick, 81 Ala. 489, 8 So. 198; Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Cooper v. Parker, 176 Ala. 122, 57 So. 472; Seed v. Brown, 180 Ala. 8, 60 So. 98; O'Neal v. Lovett, 197 Ala. 628, 73 So. 329; Thomas, Supt. of Banks, v. Barnes, 219 Ala. 652, 123 So. 18.

In Bynum v. Frederick, supra, the mortgage provided that, if default was made in the payment of the two notes described in the mortgage, then the mortgagee was authorized to sell said lots at public outcry, after giving notice, and from the proceeds pay all costs of foreclosure, including a reasonable attorney's fee; a bill was filed by the mortgagee to foreclose the mortgage in equity, and there was allowance by the trial court of an attorney's fee for the foreclosure suit. This court, through Chief Justice Stone, held that there would be no question that, if foreclosure had been effected by advertisement and sale under the power, it would have been proper to charge on the fund a reasonable fee to counsel for making the sale and perfecting the conveyance, but that a fee charged in the foreclosure suit in equity did not fall within the terms of the mortgage.

The decision in Tompkins v. Drennen, supra, was by Mr. Justice Walker. There the plaintiff sued the defendant to recover the surplus proceeds of the sale of the mortgaged property under the power—for the amount charged as attorney's fees—and the court held that the proviso in the mortgage covered only such fees as were incident to the exercise of the power of sale, and would not cover ex-

penses incurred for fees for the prosecution of an action at law; only for the foreclosure of the mortgage under the power, citing Bedell v. New England Mortgage Security Co., 91 Ala. 325, 8 So. 494; Lehman, Durr & Co. v. Comer, 89 Ala. 579, 8 So. 241.

In the case of Cooper v. Parker, supra, the mortgage provided for a foreclosure before the courthouse door of Elmore county, with the proviso for a reasonable attorney's fee for foreclosing the mortgage; and the court held that the fee was for foreclosure by sale under the power, and not by suit in equity.

In the case of Seed v. Brown, supra, the mortgagor filed a bill against the defendant to restrain threatened foreclosure of the mortgage, the theory being that the mortgage had been previously paid, and the trial court concluded against the complainant on the issue of payment, and fixed and allowed $100 as a reasonable attorney's fee for services in collecting the mortgage. There was no cross-bill, as shown in the original record. It was provided in that mortgage that the proceeds of sale should be applied first to the expenses of the sale of the property and attorney's fee for foreclosing the mortgage. This court declared that the language employed only embraced and contemplated services by an attorney in a foreclosure under the power of sale provided in the instrument, that it was not possible to change or expand the effect of the terms of the instrument with respect to this matter by reference to the fact that the mortgagor, by resort to equity in this cause, prevented or interfered with foreclosure under the power, and that the court erred in allowing the attorney's fee specified in the decree. That case (Seed v. Brown, 180 Ala. 8, 60 So. 98) is somewhat like the instant case where the mortgagor filed a bill to restrain foreclosure, claiming that he had made a payment of $800, and that preparation to foreclose under the power was threatened, though there is a cross-bill seeking foreclosure filed here. The last-cited case was cited with approval in Thomas, Supt. of Banks, v. Barnes, 219 Ala. 652, 123 So. 18; Kelly v. Carmichael, 221 Ala. 371, 129 So. 81; Anniston Banking & Loan Co. v. Lapsley, 200 Ala. 377, 76 So. 293; Ward v. Bank of Abbeville, 130 Ala. 597, 30 So. 341.

In Bedell v. New England Mortgage Security Co., 91 Ala. 325, 327, 8 So. 494, Chief Justice Stone observed: "We can neither find nor hold as matter of law that they [the mortgagors] agreed to pay *attorney's fees in a chancery suit, unless such suit was necessary to a proper foreclosure* of the mortgage and the collection of the debt. * * * Possibly, the case *may be put in chancery by the mortgagors, or by some adversary claimant.* * * * In such event, it would seem the necessity for an attorney throughout the entire litigation would be self-evident." (Italics supplied.)

In Jackson v. Prestwood, 211 Ala. 585, 101 So. 185, the Bedell Case was cited with approval, and the observation made that the mortgage expressly provided for attorney's fees for a foreclosure in equity.

In the case of Speakman v. Oaks, 97 Ala. 503, 11 So. 836, the bill was filed by the mortgagor to enjoin sale under the power in the mortgage, and there was an answer seeking foreclosure of the mortgage; held the contract for attorney's fees was equally available to foreclosure under the power or in equity.

In Pollard v. American Freehold Land Mortgage Co., 103 Ala. 289, 16 So. 801, the terms of the mortgage were broad enough to extend to both characters of foreclosure.

In the case of Wells, Adm'r, v. American Mortgage Company of Scotland, Limited, 109 Ala. 430, 446, 447, 20 So. 136, 142, is the observation: "The mortgage contains two separate, distinct stipulations in reference to the payment of attorney's fees by the mortgagor. The first is, in the event it becomes necessary to employ an attorney to collect any part of the mortgage debt or to foreclose the mortgage. The second is, in the event of a foreclosure by the exercise of the power of sale contained in the mortgage. Such stipulations have been uniformly sustained in this court. Pollard v. American Freehold Land Mortgage Company, 103 Ala. 289, 16 So. 801, and authorities cited. When fees are claimed for the filing of a bill of foreclosure, the mortgage containing a power of sale, the bill must aver 'some sufficient fact or facts showing why such form of foreclosure is necessary.' The averment of the present bill is 'that it is necessary to foreclose this mortgage by a bill in chancery, because complainant could not purchase at its own sale under the power contained in the mortgage, and without the power so to do the property would not bring its full value, and complainant would lose a part of its debt.' The averment disclosed a necessity to resort to this remedy, and the chancellor was not in error in the allowance of attorney's fees. Bedell v. New England Mortgage Security Co., 91 Ala. 325, 8 So. 494; American Freehold Land Mortgage Co. v. McCall, 96 Ala. 200, 11 So. 288."

■ The allowance of attorney's fees as a part of the secured debt is "dependent upon the agreement of the contracting parties, *within the terms of which the claim for fees must fall*," is the observation in Eslava v. New York National Building & Loan Ass'n, 121 Ala. 480, 484, 25 So. 1013, 1015. (Italics supplied.) Burns v. Austin, ante, p. 421, 145 So. 824.

In Thomas, Superintendent of Banks, v. Barnes, 219 Ala. 652, 123 So. 18, 21, the bill was for setting aside a mortgage foreclosure under power and for redemption, where complainants offered to do equity and there was no necessity for a cross-bill. The court uses this language:

"The court was without error in denying appellants' claim for an attorney's fee. It does not appear that such fee had been incurred prior to the filing of this bill for redemption. Only such fees as were incurred prior to the filing of the bill, if any, could be recovered, as there is no provision in the mortgages for attorney's fees for defending a suit of this nature. Lampkin v. Irwin [202 Ala. 14, 79 So. 300], supra; Lampkin v. Stout, 199 Ala. 101, 74 So. 239; Seed v. Brown [180 Ala. 8, 60 So. 98], supra; Ward v. Bank of Abbeville, 130 Ala. 597, 30 So. 341.

"In Hazlewood v. Walker, 211 Ala. 634, 101 So. 450, the mortgage expressly provided for an attorney's fee for foreclosing the mortgage in equity."

The case of O'Neal v. Lovett, 197 Ala. 628, 73 So. 329, was a bill for redemption from foreclosure under the power; the court said that the trial court erred in allowing an attorney's fee for foreclosure of the mortgage by *cross-bill;* the mortgage providing for such fee was only for the foreclosing under the power, and that the decree would therefore be corrected in this respect, and that the recovery of such a fee by respondents would be denied. See, also, Lampkin v. Irwin, 202 Ala. 14, 79 So. 300; Bell v. King, 210 Ala. 551, 98 So. 794.

■ Under the pleading for redemption from the mortgage, there being no foreclosure and tender of the amount alleged to be due thereon, and under the answer and cross-bill denying payment and seeking foreclosure, and the authorities, it would appear that attorney's fees can not be recovered. However, there was no error in overruling complainant's demurrer to the cross-bill, for the reason that the demurrer was addressed to the cross-bill as a whole, and not to that paragraph and part of the cross-bill claiming attorney's fees.

The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.