This appeal arises from a declaratory judgment action concerning insurance proceeds that resulted from fire damage to James Lunceford's property.
The dispositive issues on this appeal are: whether the trial court's orders of November 20, 1991, and January 13, 1992, constituted a final judgment; whether Monumental Life Insurance Company ("Monumental"), a co-mortgagee on the property, was appropriately awarded attorney fees for its efforts to enforce its mortgage contract; and whether the trial court properly entered a summary judgment against Lunceford on Lunceford's claim that Monumental converted an insurance check belonging in part to Lunceford.
In 1986 Lunceford obtained the property from Eleanor McDaniel through a second mortgage. The property, an apartment building, was encumbered by a 1974 mortgage to Monumental and Chubb Life Insurance Company ("Chubb"). Lunceford obtained casualty loss insurance on the property through American Liberty Insurance Company ("American"). The building burned. The property sustained a fire loss. After examining the damage from the fire, American issued $183,872 in insurance proceeds for coverage of the loss. As comortgagees, Monumental and Chubb elected to apply the proceeds toward the debt that Lunceford owed, pursuant to their mortgage contract. The mortgage contract in question requires that hazard insurance be maintained on the property, and it provides:
 "In the event of loss, Mortgagors will give immediate notice by mail to the Mortgagees, who may make proof of loss, if not made promptly by the Mortgagors, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Mortgagees instead of to the Mortgagors and Mortgagees jointly; and the insurance proceeds, or any part thereof, may be applied by the Mortgagees, at their option, either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged."
(Emphasis added.)
Lunceford then filed a declaratory judgment action against Monumental, Chubb, McDaniel, and American in the Jefferson County Circuit Court; he sought a judgment declaring that he was entitled to use the proceeds to rebuild the damaged building. Monumental and Chubb counterclaimed for a declaration that the proceeds had to be applied, pursuant to their election, toward the mortgage debt. American paid the proceeds into court.
On November 20, 1991, the trial court granted Monumental and Chubb's summary judgment motion, holding that they, as co-mortgagees, were entitled to apply the insurance proceeds toward the mortgage debt. The trial court also granted American's motion for an order discharging it from liability and awarding it attorney fees, but reserved the issue of the fee amount until a later date. The trial court did not certify the November 20 order as final pursuant to Rule 54(b), A.R.Civ.P., and did not tax costs. *Page 246 
While the declaratory judgment action was pending before the trial court, Lunceford was rebuilding the burned building. Under Lunceford's insurance contract with American, the reconstruction made Lunceford eligible for further insurance proceeds. On January 6, 1992, American issued another fire loss check of $77,631.21, payable to Monumental, a real estate company, McDaniel, and Lunceford. Monumental received the check. The proceeds related to the same fire loss and the same insurance policy as the earlier $183,872 payment.
On January 13, 1992, the trial court entered an order determining the amount of attorney fees to be paid to American and distributing the $183,872 to Monumental and Chubb. The trial court did not certify the January 13 order as final pursuant to Rule 54(b), A.R.Civ.P., and did not tax costs.
After discussing the second fire loss check (for $77,631.21), attorneys for Monumental and Lunceford agreed that Monumental would exchange the second insurance check for a check from Lunceford in an amount calculated to pay both the remainder of the mortgage debt and the attorney fees for Monumental. The checks were exchanged. However, the settlement negotiations eventually failed, and Monumental returned Lunceford's settlement check, and Lunceford gave the $77,631.21 check back to Monumental. Monumental's attorney wrote to Lunceford's attorney on February 21, 1992, suggesting that the $77,631.21 be deposited by American into court:
 "I have yet to hear from you regarding my January 22, 1992, letter. Obviously, I do not want to be left in the position of holding onto the fire loss check indefinitely, particularly since your client is entitled to at least a portion of the proceeds.
 "Please let me know if it is acceptable with your client to advise the insurance company of the dispute and to request that the insurance company deposit the funds in dispute with the Court."
On March 4, 1992, Lunceford filed another declaratory judgment action, this time in the Shelby County Circuit Court. On March 24, 1992, Monumental and Chubb amended their counterclaims in the Jefferson County action to include a claim to the proceeds of the second check. American paid the amount of the second fire loss check into the Jefferson County Circuit Court. Lunceford petitioned this Court for a writ of mandamus directing the Jefferson County Circuit Court to relinquish its jurisdiction on the matter; we denied that petition on October 9, 1992. The Shelby County action was dismissed on December 21, 1992.
Lunceford then amended his complaint in the Jefferson County action to allege conversion against Monumental, based on Monumental's handling of the second fire loss check. On June 10, 1993, the trial court entered a summary judgment against Lunceford on the conversion claim and awarded Monumental and Chubb, as comortgagees, attorney fees. The trial court then taxed costs. It is from this June 10, 1993, summary judgment that Lunceford now appeals.
Lunceford asserts that the trial court's orders of November 20, 1991, and January 13, 1992, regarding the first fire loss check, constituted a final judgment and that he owed Monumental only the proceeds from the first check because that judgment was final. Lunceford further contends that the trial court incorrectly awarded attorney fees to Monumental for its enforcement of the mortgage contract and erroneously granted Monumental's summary judgment motion on his conversion claim.
A final judgment is an order "that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig, 557 So.2d 1249,1253 (Ala. 1990); Taylor v. Taylor, 398 So.2d 267 (Ala. 1981). An order or ruling that "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties"; such a ruling or order "is subject to revision at any time before the entry of [a] judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), A.R.Civ.P.; Hallman v. Marion Corp., 411 So.2d 130 (Ala. 1982). Such an order or ruling, absent a specific Rule 54(b) order, is *Page 247 
interlocutory. Chambers v. Chambers, 356 So.2d 634 (Ala. 1978).
Neither the November 20 order nor the January 13 order was certified as final pursuant to Rule 54(b). They did not resolve all of the claims of the parties. Lunceford's action specifically requested a declaration as to the rights, obligations, and duties of each of the parties concerning the fire loss proceeds. We conclude, however, that the proceeds at issue from the fire loss included not only the proceeds of the first check ($183,872), but also the proceeds of the second check ($77,631.21). The November 20 and January 13 orders resolved only the disposition of the proceeds of the first check and the question whether American was entitled to attorney fees. Further, the November 20 order expressly reserved the issue of the amount of attorney fees to be awarded; that question was decided in the January 13 order. The November 20 order made no reference to Eleanor McDaniel, a codefendant with Monumental, Chubb, and American. The January 13 order, while determining the amount of American's attorney fees and awarding Monumental and Chubb the proceeds of the first check to apply to the mortgage debt, was again silent as to McDaniel.
Moreover, while we recognize that the taxing of costs is not in and of itself proof that an order is final, see Morton v.Chrysler Motors Corp., 353 So.2d 505 (Ala. 1977), we do note that costs were not taxed in the November 20 and January 13 orders. See Committee Comments, Rule 54(b), A.R.Civ.P.
When the court entered its order of June 10, 1993, from which Lunceford now appeals, the court expressly noted that there were "no further issues to be adjudicated in this action," and it taxed costs. We hold that the only final judgment in this case was the June 10, 1993, order. See McGlothlin v. FirstAlabama Bank, 599 So.2d 1137 (Ala. 1992). The entry of that order made all orders theretofore final also.
We also hold that Monumental was entitled to reasonable attorney fees in its enforcement of the mortgage, and, from our review of the fees Monumental claimed against Lunceford, we find them to be reasonable. The mortgage contract expressly provided that the mortgagees could recover attorney fees in their efforts to enforce any obligation pertaining to the mortgage. Lunceford had a contractual duty to pay attorney fees incurred by Monumental in this case. See George E. JensenContractor, Inc. v. Quality Mill Works, Inc., 431 So.2d 1232
(Ala. 1983); Highlands Underwriters Ins. Co. v. Eleganté Inns,Inc., 361 So.2d 1060 (Ala. 1978).
We further hold that the trial court correctly entered the summary judgment against Lunceford on Lunceford's conversion claim regarding the second fire loss check. The record shows that, when the settlement negotiations failed, counsel for Monumental and Lunceford voluntarily re-exchanged checks. Monumental's attorney wrote to Lunceford's attorney in an attempt to settle the issue, as noted above, but was not successful. The second fire loss check was then paid into the Jefferson County Circuit Court. Clearly, the facts do not support Lunceford's conversion claim. See Greene County Boardof Education v. Bailey, 586 So.2d 893 (Ala. 1991); Rice v.Birmingham Coal Coke Co., 608 So.2d 713 (Ala. 1992).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and COOK, JJ., concur.