**Vreeland G. JOHNSON and Janet Johnson, Plaintiffs,**

v.

**U.S. MORTGAGE CO., et al., Defendants.**

**No. Civ.A. 95–D–721–N.**

United States District Court,
M.D. Alabama,
Northern Division.

July 2, 1997.

**1304**

Charles E. Clark, Birmingham, AL, for Plaintiffs.

Mark T. Davis, Montgomery, AL, Mario W. Mainero, Jr., Newport Beach, CA, Jan A. Zemanek, New Port Beach, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the motion filed November 5, 1996, by defendant U.S. Mortgage Co. ("USM") for the award of attorney's fees. Plaintiffs filed a response in opposition to USM's motion for fees on November 21, 1996, and in their response, plaintiffs moved the court to reconsider, alter or amend its Memorandum Opinion and Judgment ("Opinion"), granting summary judgment against plaintiffs and entered on October 23, 1996. USM replied on December 2, 1996. After careful consideration of the arguments of counsel, the case law and the record as a whole, the court finds that plaintiffs' motion for reconsideration is due to be denied and that USM's motion for the award of attorney's fees is due to be granted in part.

## BACKGROUND

Having originally filed this action in state court, plaintiffs requested an accounting and declaratory judgment and also brought a tort of outrage claim based on state law. USM subsequently removed the action to federal court on the basis of diversity jurisdiction. USM then filed a motion for summary judgment, which the court granted in USM's favor.

Plaintiffs' complaint arose from a mortgage they assumed under the terms of a sales agreement. Plaintiffs were purchasing real property and as part of that purchase, they agreed to assume the sellers' existing mortgage of $36,310.00. Some years after the assumption of the mortgage, plaintiffs allegedly discovered that *prior* to the time they assumed the mortgage, the lender had amortized the monthly payments incorrectly and had added unauthorized advances or charges to the principal balance. Plaintiffs therefore alleged in their complaint that USM "attempted to impose fees and charges in amounts not provided for under the terms of said note and mortgage, and has demanded payment in excess of the amount required to discharge said obligation under its terms, has misrepresented the terms of the note and has engaged in willfully reckless conjecture in refusing to accept a payoff of the note pursuant to its terms." Pls.' Comp. ¶ 11.

In its summary judgment opinion, however, the court found that (1) under Alabama law, plaintiffs are estopped from challenging the validity, including the amount, of the mortgage they assumed and (2) alternatively, even if plaintiffs were not estopped from challenging the validity of the mortgage, they failed to come forward with any evidence that would indicate a genuine issue of material fact on their claim that the advances were incorrect or nonexistent. Having received a summary judgment in its favor, USM now moves for an award of $14,670.00 as reasonable attorney's fees incurred in the defense of this case. Plaintiffs oppose USM's motion and have moved the court to reconsider its summary judgment opinion.

## I. Motion for Reconsideration

As the basis for their motion to reconsider, plaintiffs argue that the unpaid principal balance ($36,310.00) of the mortgage they assumed "was more than $3,000.00 in excess of the arithmetically computable unpaid principal balance at the time of the assumption of the loan and substantially more than the correct unpaid principal balance." Essentially, plaintiffs contend that the original method of amortization was incorrect and that the original mortgagors had overpaid the mortgage by $10.20 per month.[1] Plaintiffs reason

---

1. Plaintiffs also claimed that they had been overpaying the mortgage by $10.20 per month. However, after USM took over the servicing rights of the mortgage, USM credited plaintiffs' account as of the time of each payment and recalculated the proper amounts to be applied to principal and interest. It appears that plaintiffs concede that any improper amortization taking place after plaintiffs assumed the mortgage was corrected prior to the filing of this lawsuit.

that because "the actual debt was less than that set forth in the contract between the purchasers and the sellers ... the defendants in this case have no right to collect more than the amount owed."

■ In response to plaintiffs' motion for reconsideration, the court reiterates its finding that plaintiffs are estopped from challenging the amount of the mortgage they assumed. . There is no question that the plaintiffs assumed the mortgage at issue, and Alabama prohibits those who have assumed a mortgage to later attack the validity of that mortgage. Opinion at 8. Accordingly, plaintiffs are estopped from challenging the assumed amount of $36,310, despite any errors that may have occurred before they assumed the mortgage. The court also reiterates that although plaintiffs may not attack the original assumed mortgage amount of $36,310.00, the court will permit plaintiffs to file a new declaratory action requesting an accounting, should the plaintiffs still contend their mortgage payments made after they assumed the mortgage remain incorrectly allocated to principal and interest.

In addition to finding that plaintiffs were estopped from challenging the amount of the assumed mortgage, the court found, alternatively, that plaintiffs had failed to present any admissible evidence establishing a genuine issue of material fact on their claim that the advances were incorrect or nonexistent. Opinion at 11–12. The court now extends that finding to include a finding that plaintiffs also failed to present a genuine issue of material fact on their claim of overpayment or other arithmetical error.

■ Finally, the court notes that although it dismissed plaintiffs' tort of outrage claim, it did not make a specific finding in its Opinion concerning the claim. The court wishes to take this opportunity to clarify its findings. Plaintiffs' claim of outrageous conduct is based on their underlying claims against USM for excess payments, wrongful or incorrect advances and assessment of attorney's fees. The court finds that because plaintiffs are estopped from attacking the mortgage amount and, alternatively, because they have been unable to demonstrate a genuine issue of material fact concerning the excess payments, advances and fees, their tort of out-

rage claim is also due to be dismissed. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (describing nonmoving party's burden of production in responding to motion for summary judgment).

## II. Motion for Award of Attorney's Fees

■ As USM notes, "Alabama follows the 'American Rule,' whereby attorney fees may be recovered if they are provided for by statute or by contract." *Battle v. City of Birmingham,* 656 So.2d 344, 347 (Ala.1995). Citing to a fee provision in the Mortgage Agreement and to the fee provision in the Promissory Note ("Note"), which secured the mortgage, USM contends that is entitled by contract to an award of fees incurred in defending against this action. The terms of the Mortgage Agreement expressly provide that:

> The MORTGAGORS agree to pay the reasonable fees of an attorney employed to foreclose this mortgage or to enforce any provision thereof in a court of chancery, bankruptcy, or other state or federal court; and these fees shall become part of the mortgage debt and secured by this mortgage.

Defs.' Ex. 2, attached to Mot. for Attorneys Fees. Similarly, the Note expressly provides that:

> Makers ... agree to pay costs of collecting this note and including a reasonable attorney's fee for service rendered in any way, in any suit against any maker or endorser, or in collecting or attempting to secure this note if said note is not paid according to its terms.

Defs.' Ex. 1, attached to Mot. for Attorney's Fees.

USM argues that taken together these two provisions permit an award of fees against plaintiffs whenever the lender is required to employ the services of an attorney to collect the Note according to its terms or to enforce any term of either the Note or the Mortgage. Specifically, USM contends that plaintiffs directly attacked the terms of the Note and Mortgage Agreement: the claims of excessive payments attacked the monthly payment term in the Note and the claims of wrongful

advances attacked the term of the Mortgage Agreement permitting the lender to make advances and to add those advances to the loan balance secured by the mortgage. In response, plaintiffs offer two arguments: (1) they argue that they are not bound by the fee provision in the Note because they are neither makers nor endorsers as required by the Note and (2) they argue that the literal language of the instruments do not provide for the payment of fees.[2]

USM premises its motion for fees on the fee provision found in *both* the Note *and* the Mortgage Agreement. Referring specifically to the fees provision in the Note, USM contends that plaintiffs' attack on the alleged excess payments constitute an attack on the Note itself. Plaintiffs acknowledge the court's finding that they are estopped from denying the mortgage debt, but they point out that the Note and the Mortgage Agreement are two separate and distinct instruments under the express terms of the mortgage. They argue that because they are neither the makers nor the endorsers as required by the Note, they should not be held to the fees provision found in the Note.

■ The court finds it is unnecessary to read both the Note and the Mortgage Agreement together in order to award fees in this action.[3] The Mortgage Agreement contains a specific reference to the debt created by the mortgage and explicitly incorporates the terms of the Note into the Agreement, to wit:

The debt created by this mortgage and all advances thereon, together with interest at eight and three-fourths percent per annum is payable in monthly installments of $363.80 on the first day of each and every consecutive month commencing April 1,

1978, each of said payments to be applied first to interest then due and the remainder upon the unpaid balance until said debt is paid in full ... All references in this instrument to any of the parties thereto shall be construed to include also the heirs, representatives, successors, or assigns of the same.

Accordingly, plaintiffs' attack on the alleged excess payments constitutes an attack not only on the Note but also on the portion of the Mortgage Agreement which incorporates the terms of the Note. Therefore, the court finds that plaintiffs' claims of excess payments *and* improper advances constitute an attack on the terms of the Mortgage Agreement and are subject to the terms of the attorney's fees provision found in the Mortgage Agreement.

Plaintiffs also argue that the literal language of the fees provision "does not provide for the payment of attorney's fees where the plaintiff maintains an action for a declaratory judgment to establish the amount due under the instrument and does not challenge the validity of the instrument itself [and] [t]he security for the debt was never challenged." Their argument does not specify to which provision plaintiffs are referring and can only be described as vague at best. Plaintiffs' vagueness notwithstanding, it appears to the court that plaintiffs are arguing that because the fee provision in the Mortgage Agreement allows for fees where an attorney is employed "to foreclose this mortgage or to enforce any provision thereof," the provision is only triggered if the defendant must initiate foreclosure proceedings in order to enforce the terms of the agreement. In other words,

**2.** In addition to the two arguments set out above, plaintiffs also argue that USM has violated the Racketeer Influenced Corrupt Organizations Act, that the fee provisions are punitive in nature and therefore are void and unenforceable, and that USM does not own the note. Plaintiffs offer no legal citation or analysis for these or, for that matter, any of their other arguments. Declining to engage in speculation and to construct plaintiffs' arguments for them, the court will address only the two most coherent, albeit unsupported, arguments put forth by plaintiffs.

**3.** Although the court finds it unnecessary to reach a determination as to plaintiffs' contention that they are neither makers nor endorsers of the

Note, the court is compelled to note that it appears somewhat disingenuous for the plaintiffs to claim they are not bound by the terms of the Note when they admit they assumed the mortgage and the sellers' obligations under the mortgage. *See* Opinion at 3. Moreover, the Alabama Supreme Court in *Taylor v. Jones,* 290 Ala. 268, 276 So.2d 130 (1973), held by implication that the devisees of mortgaged property were bound by the terms of the note, including a fee provision in that note. Surely if devisees are to be bound by the terms of a mortgage and note, then so too are the plaintiffs, who willingly assumed the obligations of the original debtors/mortgagors.

plaintiffs appear to be arguing that where they bring a declaratory action but do not default on their mortgage, as is the case here, then the fees provision does not apply.

■ Although plaintiffs fail to cite any case law in support of their proposition, Alabama case law is quite clear that "[t]he allowance of attorney's fees as a part of the secured debt is dependent upon the agreement of the contracting parties, within the terms of which the claim for fees must fall." *Taylor v. Jones*, 290 Ala. 268, 276 So.2d 130, 134 (1973) (citing *Hylton v. Cathey*, 225 Ala. 605, 144 So. 579, 581 (1932)). With this principle in mind, Alabama courts have been careful not to award fees for defending an action where the fee provision in the mortgage only allowed for a reasonable attorney's fee in conjunction with the proceeds of a foreclosure sale. For example, in *Taylor v. Jones*, the Alabama Supreme Court found that the mortgagee was not entitled to fees under the fee provision in the mortgage because it only allowed for fees to be taken out of proceeds from the sale of the foreclosed property. 276 So.2d at 134. Nevertheless, the court held that the mortgagee could still recover fees for defending against the mortgagors' declaratory action under the terms of the note, which provided for a reasonable attorney's fee in connection with the collection or securing of the note. *Id.* at 132; *see also Hylton*, 144 So. at 579 (denying fees for defending against mortgagor's action where mortgage only provided for fees in connection with sale of property and implying that mortgagee might have been entitled to fees under provision in note which allowed for costs of collecting or securing note).

■ Unlike the *Taylor* and *Hylton* courts, the court need not rely here on the terms of the note in order to award fees in this action. The terms of the fee provision in the mortgage do not restrict the recovery of attorney's fees to foreclosure but instead allow for the award of fees in the event of foreclosure "*or to enforce any provision*" of the mortgage. The Alabama Supreme Court faced just such a provision in *Lunceford v. Monumental Life Insurance Co.*, 641 So.2d 244

(1994). In *Lunceford*, the mortgagor brought a declaratory action and an action for conversion against the mortgagee. The mortgagee requested fees under the terms of the mortgage contract which "expressly provided that the mortgagees could recover attorney fees in their efforts to enforce any obligation pertaining to the mortgage." *Id.* at 247. Specifically, the *Lunceford* mortgagees had been attempting to enforce the provision of the mortgage which allowed the mortgagee to determine whether to apply the insurance proceeds to the mortgage debt. *Id.* at 245. The court then concluded that under the terms of the mortgage contract, the mortgagor had "a contractual duty to pay attorney fees incurred by [the mortgagee] in this case." *Id.* at 247.

While the court is well aware that fee provisions in notes and mortgages "are not to be used to oppress the debtor," *see Graham v. O'Neal*, 242 Ala. 72, 4 So.2d 897, 900 (1941), the court also heeds Alabama's declaration that "[t]he claim for an attorney's fee is as much a part of the contract as any other feature of it," *Taylor*, 276 So.2d at 133. Following the holding in *Lunceford*, the court finds that USM is entitled under the terms of the Mortgage Agreement to a reasonable attorney's fee incurred in the defense of the instant action. Although USM did not bring a foreclosure counterclaim against plaintiffs, USM has sought, through the defense of this action, to enforce the terms in the Mortgage Agreement concerning payment, advances and fees. Additionally, just as the *Lunceford* court held, this court also finds that pursuant to the Mortgage Agreement, such a fee shall become an effective part of the main debt.

■ However, after a thorough review of USM's submissions, the court is unable to determine whether the amount of fees that USM requests is reasonable.[4] "The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." *Ex parte Edwards*, 601 So.2d 82, 85 (Ala.1992). To make its initial determination of reasonableness, the court must rely on the lodestar method, in which the "attorney's fee

---

**4.** Although the plaintiffs generally object to any award of fees, they do not make any specific
objection to the reasonableness of the fees.

is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable rate." *Id.* "When an applicant for attorney fees 'has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.'" *Id.* (citing *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). USM has failed to carry this burden.

 "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). In addition to providing testimony concerning the prevailing market rate, the applicant must also provide testimony which "speak[s] to rates actually billed and paid in similar lawsuits." *Id.* "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.... Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* USM's counsel has failed to provide more than his own affidavit attesting to the reasonableness of his fees. Accordingly, while the court finds that USM's motion for fees is due to be granted, the court is unable to award fees to USM without additional evidence attesting to the reasonableness of the fees.[5]

### CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that plaintiffs' motion to reconsider, alter or amend be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that defendant U.S. Mortgage's motion for award of attorney's fees be and the same is hereby GRANTED to the extent that the court finds defendant U.S. Mortgage to be entitled to a reasonable attorney's fee.

It is further CONSIDERED and ORDERED that defendant U.S. Mortgage be and the same is hereby DIRECTED to file additional testimony demonstrating the reasonableness of its requested fee amount no later than 14 days from the issuance of this Memorandum Opinion and Order.

---

5. Where a district court is faced with inadequate documentation or testimonial support, it "traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Norman,* 836 F.2d at 1303. That is, the court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." *Id.* (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). In the instant case, however, before it makes any independent judgment, the court prefers USM to submit additional evidence demonstrating the reasonableness of its fees. Finally, the court notes that by allowing plaintiffs an additional 14 days in which to submit such evidence, the court is in no way departing from its position of neutrality to coach USM on the proper preparation of pleadings. *See Norman,* 836 F.2d at 1303 n. 2.